UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | }<br>}<br>} |
| Plaintiff, | } CIVIL ACTION NO. 1:23-cv-01541<br>}<br>} |
| v. | } COMPLAINT<br>} |
| NICPA CENTRAL AUTO GROUP, LLC. and CENTRAL AUSTIN MOTORCARS d/b/a SOUTH AUSTIN NISSAN | }<br>}<br>}<br>} JURY TRIAL DEMAND |
| Defendants. | }<br>} |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 as amended ("Title VII") and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex and to provide appropriate relief to Mireya Sanchez ("Sanchez"), and a class of similarly situated aggrieved female employees including but not limited to Melissa Hess ("Hess") and Silvia Rubio ("Rubio") who were adversely affected by such practices. As alleged with greater particularity in paragraphs 15-75 below, Defendants NICPA Central Auto Group, LLC ("NICPA") and Central Austin Motorcars d/b/a South Austin Nissan ("South Austin Nissan") subjected Sanchez and a class of similarly situated aggrieved female employees, including but not limited to Hess and Rubio, to a sexually hostile working environment, resulting in the constructive discharge of Hess and Rubio. Defendants also retaliated against Kevin Adcock ("Adcock") after he reported the sexual harassment in violation of Title VII.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title

COMPLAINT                                                                                                                                1

VII, 42 U.S.C.§ 2000e-5(f)(1) and (3); and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Texas.

## PARTIES

3. Plaintiff Equal Employment Opportunity Commission (hereafter "EEOC" or the "Commission") is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action pursuant to Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1), (3).

4. Defendant NICPA, a Texas corporation headquartered in Houston, Texas, owns and operates approximately fourteen (14) new and used car dealerships including Defendant South Austin Nissan.

5. Defendant South Austin Nissan is a used and new car dealership located at 4915 S IH 35 in Austin, Texas 78745.

6. At all relevant times, Defendants NICPA and South Austin Nissan operated as an integrated business enterprise and collectively had at least fifteen (15) employees. Evidence of their operation as an integrated enterprise includes but is not limited to the following:

a.) Defendant NICPA operates several car dealerships including Defendant South Austin Nissan.

b.) Defendants NICPA and South Austin Nissan's operations are interrelated. NICPA provides centralized human resources, risk management, and executive leadership to South Austin Nissan. Both entities share a common agent, notably both South Austin Nissan's amended franchising documents and NICPA's Certificate of Formation list Paul Weitz as manager. South Austin Nissan's amended franchising documents and NICPA's

COMPLAINT                                                                                              2

Certificate of Formation also both list the same contact address: 3800 Southwest Freeway, Suite 300, Houston, Texas, 77027.

c.) Defendants have centralized control of labor relations. Certain employees, including NICPA's Human Resources Director Sylinda Kenyon, engage in responsibilities for both NICPA and South Austin Nissan, providing human resources, risk management, and other services to employees at both entities. According to NICPA Human Resources Director Sylinda Kenyon, her role required her to interact with South Austin Nissan management monthly and as needed. Critically, South Austin Nissan employees Sanchez, Hess, and Adcock reported the sexual harassment relevant to this lawsuit directly to NICPA Chief Operating Officer Kirk Franceschini and NICPA Human Resources Director Kenyon.

d.) Defendants share common management. South Austin Nissan management report to NICPA higher-level management, including NICPA Chief Operating Officer Franceschini. Indeed, Franceschini represented during the EEOC investigation that he oversaw South Austin Nissan's day-to-day operations and physically visited the dealership three to four times a month. Franceschini told EEOC he worked with South Austin Nissan middle management, including Sales Manager Armando Tello, speaking with him on the phone several times a week and attending business lunches together.

e.) Defendants have common ownership and financial control. Weitz is the manager of both NICPA and South Austin Nissan. NICPA Chief Operating Officer Franceschini has represented to the EEOC that he reports directly to Weitz, manager of record in both NICPA and Central South Austin Nissan's governing documents.

7. At all relevant times, Defendants continuously conducted business in the State of Texas.

COMPLAINT                                                                                         3

8. At all relevant times, Defendant continuously engaged in an industry affecting commerce under Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

## ADMINISTRATIVE PROCEDURES

9. On July 27, 2022, more than thirty days prior to the institution of this lawsuit, Mireya Sanchez filed a charge of discrimination with EEOC, alleging South Austin Nissan violated Title VII.

10. On August 11, 2023, EEOC issued to Defendants a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

11. On September 6, 2023, EEOC issued to Defendants a Notice of Failure of Conciliation, advising Defendants that EEOC was unable to secure a conciliation agreement acceptable to the Commission.

12. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF FACTS

13. Since at least January 2022 until on or about May 2022, Defendants NICPA and South Austin Nissan engaged in unlawful employment practices, in violation of Section 703 of Title VII, 42 U.S.C.§ 2000e-2 when Defendants subjected Sanchez and a class of similarly situated aggrieved female employees, including but not limited to Hess and Rubio, to a sexually hostile working environment, resulting in the constructive discharge of Hess and Rubio.

14. Defendants also violated Section 704(a) of Title VII, 42 U.S.C.§ 2000e-3(a) when Defendants subjected Adcock to retaliation for engaging in protected activity. Defendants subjected Adcock to retaliation resulting in his transfer and decrease in pay, and ultimately his termination.

COMPLAINT                                                                                                                      4

15. In October 2021, Defendants hired Sanchez to sell cars at South Austin Nissan, a car dealership located in Austin, Texas.

16. Sanchez's duties at South Austin Nissan included selling vehicles, knowledge of inventory, completing credit applications, self-marketing, and monitoring her customer satisfaction index. Sanchez was compensated through sales commissions.

17. Sanchez worked full-time from 9 a.m. to 6 p.m., five to six days a week.

18. Sanchez reported to Adcock, South Austin Nissan General Sales Manager.

19. Adcock reported to General Manager Armando Tello.

20. Tello was the highest-ranking manager onsite at the South Austin Nissan. As General Manager, Tello supervised team members, had authority to hire and fire employees, and set employee schedules.

21. In October 2021, Tello trained Sanchez on her job duties when she began working at South Austin Nissan.

22. NICPA Chief Operating Officer Kirk Franceschini supervised Tello.

23. Tello sexually harassed Sanchez at work by making unwanted comments and touching her.

24. Starting on or about October 2021, Tello grabbed Sanchez's hand, touched her torso and arms, and rubbed her back and arms in view of coworkers and customers several times a week.

25. Sanchez would tell Tello to stop and leave her alone when Tello attempted to touch her at work.

26. In October 2021, Tello attempted to look down Sanchez's shirt to stare at her breasts on at least one occasion.

27. In October 2021, Tello verbally harassed Sanchez. Tello would step close to Sanchez and ask sexual questions, such as: "What would you do if I kissed you right now?"

Sanchez objected to Tello's advances.

28. In October 2021, Tello would tell Sanchez she was looking "pretty" or "hot" at work.

29. In October 2021, Tello would force Sanchez to spend one-on-one time with him in her office to be in close proximity to her.

30. Sanchez experienced heightened anxiety due to Tello's harassment.

31. Within her first month working at South Austin Nissan, Sanchez reported Tello's verbal and physical sex harassment to Adcock.

32. In November 2021, Adcock reported the harassment of Sanchez to Human Resources Director Kenyon by phone and email after receiving Sanchez's report.

33. Human Resources did not follow up with Adcock about Sanchez's report, and Tello's harassment continued.

34. In March 2022, Tello cornered Sanchez at the sales tower key machine, putting her between him and the wall. Tello rubbed his pelvis against Sanchez while staring at her breasts. Sanchez yelled for Tello to stop and tried to move away from him. Several other employees, including Adcock, witnessed this harassment.

35. In March 2022, Adcock made a verbal, in-person complaint with Franceschini detailing Tello's harassment of Sanchez. Franceschini told Adcock he would investigate the report.

36. Adcock did not hear from Franceschini nor Human Resources about the complaint again.

37. On multiple occasions between October 2021 and March 2022, Adcock attempted to talk to Tello about his behavior towards Sanchez and other women, but Tello dismissed Adcock's concerns.

38. In April 2022, Sanchez reported Tello's sexual harassment directly to HR Director

COMPLAINT                                                                                                                  6

Kenyon by email. Kenyon called Sanchez once to ask about the complaint, but then did not contact her to follow up about the sexual harassment complaint again.

39. On May 2, 2022, Sanchez reported Tello's sexual harassment to COO Franceschini via text message.

40. The HR Director Kenyon stated that Franceschini did not report Sanchez's complaint about Tello's sexual harassment to her.

41. Sanchez was terminated on May 12, 2022.

42. Franceschini hired Hess as a car saleswoman at South Austin Nissan in July 2021.

43. Hess reported to Sales Manager Andre Nieto ("Nieto") and Adcock.

44. Beginning in July 2021, Tello made inappropriate sexual comments to Hess on several occasions.

45. In Winter 2021, Tello and Nieto loudly asked Hess questions about her sexual relationships with older men in front of her coworkers.

46. In Winter 2022, Nieto, sitting at a desk, placed a candy bar on his crotch as if gripping his genitals, elevated his feet on the table, and began thrusting up and down while making eye contact with Hess. Hess objected to this behavior.

47. Nieto would also harass Hess by commenting on her appearance, clothing, and body.

48. Hess often felt uncomfortable and offended when she observed Nieto staring at her chest.

49. Nieto's harassment caused Hess anxiety. Many mornings before work, Hess would have extreme anxiety over the comments Nieto would make about her appearance.

50. On at least one occasion at work in front of Hess, Nieto watched videos of women masturbating.

51. On at least one occasion, Nieto described his sex life and use of sex toys at work in front of Hess and other employees.

52. In March 2022, Hess reported Tello and Nieto's sexual harassment to Adcock. The same day, Adcock reported Hess' complaint to Human Resources but never received or was informed of any follow-up.

53. After hearing no update from Human Resources, Hess reported the harassment to COO Franceschini. Franceschini told Hess he trusted his managers and to move on.

54. Franceschini did not respond to Hess' questions or requests for updates regarding her complaint.

55. In May 2022, the same month in which Sanchez was terminated, Franceschini transferred Hess to the NICPA dealership Audi North Austin.

56. As NICPA Chief Operating Officer, Franceschini also oversees Audi North Austin.

57. While at Audi North Austin, Hess continued to report the sexual harassment she experienced at South Austin Nissan to Franceschini; however, because he continued to ignore her complaints, her distress worsened.

58. The harassment Hess had experienced resulted in her constructive discharge. Hess was forced to resign on June 28, 2022 within weeks of her transfer due to the physical manifestations of stress from the harassment she experienced at South Austin Nissan.

59. In May 2022, Defendants reduced Adcock's wages after he reported Sanchez and Hess' sexual harassment. This occurred during the same month in which Sanchez was discharged.

60. In September 2022, Franceschini informed Adcock he was to be transferred to another NICPA dealership, Maserati of Austin, resulting in a significant pay cut, a reduction in the number of employees he supervised, and an increased commute time.

61. In January 2023, Maserati of Austin fired Adcock, informing him they wanted to

move in a different direction.

62. South Austin Nissan Used Sales Manager Michael "Mike" Hernandez also sexually harassed female employees.

63. Silvia Rubio worked at South Austin Nissan in Used Car Sales from November 2020 to February 2023.

64. Hernandez supervised Rubio at South Austin Nissan.

65. Multiple times a week, Hernandez made sexual comments and jokes to Rubio, including about Rubio's body and clothing.

66. Rubio was uncomfortable and offended by Hernandez's comments on her body and clothing.

67. Hernandez told Rubio sexually explicit stories about himself. Rubio objected to Hernandez telling her these stories.

68. Hernandez regularly commented on female employees' appearances, stating they should wear heels and short skirts to make deals, recommending they "show more, sell more."

69. Rubio reported Hernandez's behavior to Adcock, who called Human Resources to report the harassment.

70. After learning Rubio had reported his behavior, Hernandez called Rubio "a snitch" and refused to work with her on car sales, resulting in decreased sales for Rubio.

71. On February 8, 2023, Rubio was constructively discharged from her position as a result of the harassment from Hernandez.

72. Though Defendants received several complaints placing them on notice of Tello, Nieto, and Hernandez's harassing conduct, they failed or refused to exercise reasonable care to prevent and correct any harassing behavior.

73. Despite complaints of extensive and repeated harassment, Tello remained in his

supervisory position as a General Manager.

74. Furthermore, Defendants failed or refused to properly train staff on how to prevent and correct discriminatory conduct or harassment.

75. Despite receiving numerous reports of sex harassment from Adcock, Sanchez, Hess, and Rubio, Defendants' Human Resources Department failed to properly investigate the sexual harassment complaints.

76. The unlawful employment practices complained of in paragraph 15-75 above were intentional.

77. The unlawful employment practices complained of in paragraph 15-75 above were done with malice or with reckless indifference to Sanchez, Hess, Rubio, and Adcock's federally protected rights.

## PRAYER FOR RELIEF

Wherefore, EEOC respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, their officers, agents, servants, employees, attorneys, successors, and all persons in active concert or participation with them from subjecting individuals to a sexually hostile work environment resulting in constructive discharge and failing or refusing to take corrective and preventative measures as required under Title VII.

B. Grant a permanent injunction enjoining the Defendants, their officers, agents, servants, employees, attorneys, successors, and all persons in active concert or participation with them from subjecting individuals to retaliation because of their opposition to practices believed to be unlawful under Title VII or for their participation in the filing of charge for investigation, proceeding or hearing under Title VII.

C. Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for women that eradicate the effects of its past and present

unlawful employment practices.

D. Order Defendants to make whole Adcock, and a class of similarly situated aggrieved individuals including but not limited to Hess and Rubio, who were discharged or constructively discharged as a result of Defendants' discriminatory conduct by providing appropriate back pay with prejudgment interest in amounts to be determined at trial and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or front pay in lieu thereof.

E. Order Defendants to make whole Adcock, Sanchez, and a class of similarly situated aggrieved individuals, including but not limited to Hess and Rubio, who were adversely affected by Defendants' discriminatory conduct, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 16-75 above, including but not limited to relocation and job search expenses and other consequential costs and expenditures in amounts be determined at trial.

F. Order Defendants to make whole Adcock, Sanchez, and a class of similarly situated aggrieved individuals including but not limited to Hess and Rubio, by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices described above in paragraphs 16-75, including but not limited to emotional pain, suffering, inconvenience, and loss of enjoyment of life in amounts to be determined at trial.

G. Order Defendants to pay Adcock, Sanchez, and a class of similarly situated aggrieved individuals including but not limited to Hess and Rubio, for punitive damages for their malicious or reckless conduct described above in amounts to be determined at trial.

H. Grant such further relief as the Court deems necessary and proper in the public interest.

COMPLAINT                                                                                                                                11

I.   Award EEOC its costs in this action.

## JURY TRIAL DEMAND

EEOC requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

KARLA GILBRIDE
General Counsel

CHRISTOPHER LAGE
Deputy General Counsel

/s/ Robert A. Canino
ROBERT A CANINO
Regional Attorney
Oklahoma State Bar No. 011782

/s/ Suzanne M. Anderson
SUZANNE M. ANDERSON
Assistant Regional Attorney
Texas State Bar No. 14009470

/s/ Shannon J. Black
SHANNON J. BLACK
Trial Attorney
Texas State Bar No. 24126061
E-mail:  shannon.black@eeoc.gov

/s/ Adriana G. Rodriguez
ADRIANA G. RODRIGUEZ
Trial Attorney
Texas State Bar No. 24071467
E-mail:  adriana.rodriguez@eeoc.gov

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

Dallas District Office
207 Houston, 3rd Floor
Dallas, Texas 75202
(TEL) (972) 918-3597
(FAX) (214) 253-2749