PLAINTIFF'S
EXHIBIT

**A**

**FILED**

May 14, 2025

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _Christian Rodriguez_
DEPUTY

**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | } } } | |
| | } | **CIVIL ACTION NO.** |
| Plaintiff, | } } | **1:23-cv-01541-RP** |
| v. | } } | **AMENDED COMPLAINT** |
| | } | |
| CENTRAL AUSTIN MOTORCARS, LLC; HI TECH MOTORCARS, LLC; and STADIUM MOTORCARS, LLC | } } } | |
| | } | **JURY TRIAL DEMAND** |
| Defendants. | } | |

**EEOC'S FIRST AMENDED COMPLAINT**

This is an action under Title VII of the Civil Rights Act of 1964 as amended ("Title VII") and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex and to provide appropriate relief to Mireya Sanchez ("Sanchez"), and a class of similarly situated aggrieved female employees including but not limited to Melissa Hess ("Hess") and Silvia Rubio ("Rubio") who were adversely affected by such practices. As alleged with greater particularity in paragraphs 12-74 below, Defendants Hi Tech Motorcars, LLC ("Hi Tech"); Stadium Motorcars, LLC d/b/a Central Houston Nissan ("Stadium"); and Central Austin Motorcars, LLC d/b/a South Austin Nissan ("South Austin Nissan") subjected Sanchez and a class of similarly situated aggrieved female employees, including but not limited to Hess and Rubio, to a sexually hostile working environment, resulting in the constructive discharge of Hess and Rubio. Defendants also retaliated against Kevin Adcock ("Adcock") after he reported the sexual harassment in violation of Title VII.

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title

EEOC'S FIRST AMENDED COMPLAINT                                                                 1

VII, 42 U.S.C.§ 2000e-5(f)(1) and (3); and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Texas.

**PARTIES**

3.      Plaintiff Equal Employment Opportunity Commission (hereafter "EEOC" or the "Commission") is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action pursuant to Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1), (3).

4.       Defendant Hi Tech Motorcars, LLC, is a Texas limited liability company, headquartered in Houston and operating primarily in Austin, Texas, which owns and operates new and used car dealerships in and around Austin, Texas and Houston, Texas.

5.      Defendant Stadium Motorcars, LLC, is a Texas limited liability company that does business as Central Houston Nissan, a car dealership located at 2901 S Loop W in Houston, Texas.

6.      Defendant Central Austin Motorcars, LLC, is a Texas limited liability company that did business as South Austin Nissan, a car dealership located at 4915 S IH 35 in Austin, Texas during the relevant period.

7.      At all relevant times, Hi Tech, Stadium, and South Austin Nissan ("Defendants") operated as an integrated business enterprise and collectively had at least fifteen (15) employees. Evidence of their operation as an integrated enterprise includes but is not limited to the following:

a.)     Defendants operate or have operated several car dealerships, including the Nissan dealership in Austin, Texas which employed claimants, as well as the Maserati dealership to which Defendants transferred Mr. Adcock and the Audi dealership to which Defendants transferred Ms. Hess.

b.)     Defendants share a common agent and address for service at 3800 Southwest

EEOC'S FIRST AMENDED COMPLAINT                                                    2

Freeway, Suite 300, Houston, Texas, 77027.

c.) Defendants have common ownership and financial control. Through a series of LLCs and trusts, Paul Weitz, Candido Pagan, and Kirk Franceschini have ownership interests in the dealerships that constitute the integrated enterprise. The Chief Executive Officer of the integrated enterprise is Paul Weitz, the Chief Financial Officer is Candido Pagan, and the Chief Operating Officer is Kirk Franceschini.

d.) During the relevant period, Defendants represented to the public in their marketing materials that Defendants' Austin area luxury automobile dealerships operated under the name "Hi Tech Motorcars," and their Nissan dealership in Austin and their Nissan and Cadillac dealerships in Houston operated under the name "Central Automotive Group."

e.) The name "Central Automotive Group," is not registered as an assumed name with the Harris County Clerk, the Travis County Clerk, or the Texas Secretary of State.

f.) Despite representing the Austin Nissan dealership to the public as a part of "Central Automotive Group," during the relevant time period the employees of the Austin Nissan dealership completed and signed Hi Tech application and onboarding materials, including but not limited to a contractual agreement with Hi Tech to arbitrate all claims arising from their employment.

g.) During the relevant period, Defendants had a high degree of interrelation of operations, both between themselves and the other dealerships in the integrated enterprise.

h.) Franceschini transferred two claimants and one alleged harasser from one dealership to another within the integrated enterprise.

i.) The Defendants' dealerships share inventory, including new automobiles, used

automobiles, and automotive parts.

j.)    Defendants are covered by a single management and liability insurance policy, with Hi Tech named as the only insured party, which covers employment related disputes and indicates that the insured has 700 employees. This insurance policy lists the website for the insured as the URLs for Central Automotive Group and Hi Tech Motors.

k.)    Defendants have centralized control of labor relations. HR Director Sylinda Kenyon provided human resources functions for all of the dealerships operating under the "Hi Tech Motors" and "Central Automotive Group" names. This included receiving complaints of harassment from the claimants in this lawsuit who worked at South Austin Nissan.

l.)    During the relevant period, Kenyon received her W-2 wages from Stadium.

m.)    During the relevant period, Kirk Franceschini received his W-2 wages from Hi Tech. As Chief Operating Officer of the integrated enterprise, Franceschini provided managerial functions for all of the dealerships operating under the "Hi Tech Motors" and "Central Automotive Group" names. This included receiving complaints of harassment from the claimants in this lawsuit, who worked at South Austin Nissan, and retaliating against Adcock for making protected complaints about harassment and discrimination. Kirk Franceschini reports to CFO Candido Pagan.

n.)    Defendants share common management. Paul Weitz is the managing member of each limited liability company associated with the Defendants. South Austin Nissan sales managers report to Hi Tech Chief Operating Officer Kirk Franceschini, who serves as the COO for all of the Defendants' dealerships. Franceschini oversaw South Austin Nissan's day-to-day operations.

o.) At all relevant times, Defendants continuously conducted business in the State of Texas.

p.) At all relevant times, Defendant continuously engaged in an industry affecting commerce under Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

## ADMINISTRATIVE PROCEDURES

8. On July 27, 2022, more than thirty days prior to the institution of this lawsuit, Mireya Sanchez filed a charge of discrimination with EEOC, alleging "South Austin Nissan" violated Title VII.

9. On August 11, 2023, EEOC issued to Defendants a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

10. On September 6, 2023, EEOC issued to Defendant a Notice of Failure of Conciliation, advising that EEOC was unable to secure a conciliation agreement acceptable to the Commission.

11. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF FACTS

12. Since at least January 2022 until on or about May 2022, Defendants engaged in unlawful employment practices, in violation of Section 703 of Title VII, 42 U.S.C.§ 2000e-2 when Defendants subjected Sanchez and a class of similarly situated aggrieved female employees, including but not limited to Hess and Rubio, to a sexually hostile working environment, resulting in the constructive discharge of Hess and Rubio.

13. Defendants also violated Section 704(a) of Title VII, 42 U.S.C.§ 2000e-3(a) when Defendants subjected Adcock to retaliation for engaging in protected activity. Defendants

EEOC'S FIRST AMENDED COMPLAINT                                                                    5

subjected Adcock to retaliation resulting in his transfer and decrease in pay, and ultimately his termination.

14.    In October 2021, Defendants hired Sanchez to sell cars at South Austin Nissan, a car dealership located in Austin, Texas.

15.    Sanchez's duties at South Austin Nissan included selling vehicles, knowledge of inventory, completing credit applications, self-marketing, and monitoring her customer satisfaction index. Sanchez was compensated through sales commissions.

16.    Sanchez worked full-time from 9 a.m. to 6 p.m., five to six days a week.

17.    Sanchez reported to Adcock, South Austin Nissan General Sales Manager.

18.    Adcock reported to General Manager Armando Tello.

19.    Tello was the highest-ranking manager onsite at the South Austin Nissan. As General Manager, Tello supervised team members, had authority to hire and fire employees, and set employee schedules.

20.    In October 2021, Tello trained Sanchez on her job duties when she began working at South Austin Nissan.

21.    Chief Operating Officer Kirk Franceschini supervised Tello.

22.    Tello sexually harassed Sanchez at work by making unwanted comments and touching her.

23.    Starting on or about October 2021, Tello grabbed Sanchez's hand, touched her torso and arms, and rubbed her back and arms in view of coworkers and customers several times a week.

24.    Sanchez would tell Tello to stop and leave her alone when Tello attempted to touch her at work.

25.    In October 2021, Tello attempted to look down Sanchez's shirt to stare at her breasts on at least one occasion.

26.    In October 2021, Tello verbally harassed Sanchez. Tello would step close to

EEOC'S FIRST AMENDED COMPLAINT                                                                6

Sanchez and ask sexual questions, such as: "What would you do if I kissed you right now?" Sanchez objected to Tello's advances.

27.    In October 2021, Tello would tell Sanchez she was looking "pretty" or "hot" at work.

28.    In October 2021, Tello would force Sanchez to spend one-on-one time with him in her office to be in close proximity to her.

29.    Sanchez experienced heightened anxiety due to Tello's harassment.

30.    Within her first month working at South Austin Nissan, Sanchez reported Tello's verbal and physical sex harassment to Adcock.

31.    In November 2021, Adcock reported the harassment of Sanchez to Defendants' Human Resources Director Sylinda Kenyon by phone and email after receiving Sanchez's report.

32.    Human Resources did not follow up with Adcock about Sanchez's report, and Tello's harassment continued.

33.    In March 2022, Tello cornered Sanchez at the sales tower key machine, putting her between him and the wall. Tello rubbed his pelvis against Sanchez while staring at her breasts. Sanchez yelled for Tello to stop and tried to move away from him. Several other employees, including Adcock, witnessed this harassment.

34.    In March 2022, Adcock made a verbal, in-person complaint with Franceschini detailing Tello's harassment of Sanchez. Franceschini told Adcock he would investigate the report.

35.    Adcock did not hear from Franceschini nor Human Resources about the complaint again.

36.    On multiple occasions between October 2021 and March 2022, Adcock attempted to talk to Tello about his behavior towards Sanchez and other women, but Tello dismissed Adcock's concerns.

37.    In April 2022, Sanchez reported Tello's sexual harassment directly to HR Director

EEOC'S FIRST AMENDED COMPLAINT                                                          7

Kenyon by email. Kenyon called Sanchez once to ask about the complaint, but then did not contact her to follow up about the sexual harassment complaint again.

38.    On May 2, 2022, Sanchez reported Tello's sexual harassment to COO Franceschini via text message.

39.    The HR Director Kenyon stated that Franceschini did not report Sanchez's complaint about Tello's sexual harassment to her.

40.    Sanchez was terminated on May 12, 2022.

41.    Franceschini hired Hess as a car saleswoman at South Austin Nissan in July 2021.

42.    Hess reported to Sales Manager Andre Nieto ("Nieto") and Adcock.

43.    Beginning in July 2021, Tello made inappropriate sexual comments to Hess on several occasions.

44.    In Winter 2021, Tello and Nieto loudly asked Hess questions about her sexual relationships with older men in front of her coworkers.

45.    In Winter 2022, Nieto, sitting at a desk, placed a candy bar on his crotch as if gripping his genitals, elevated his feet on the table, and began thrusting up and down while making eye contact with Hess. Hess objected to this behavior.

46.    Nieto would also harass Hess by commenting on her appearance, clothing, and body.

47.    Hess often felt uncomfortable and offended when she observed Nieto staring at her chest.

48.    Nieto's harassment caused Hess anxiety. Many mornings before work, Hess would have extreme anxiety over the comments Nieto would make about her appearance.

49.    On at least one occasion at work in front of Hess, Nieto watched videos of women masturbating.

50.    On at least one occasion, Nieto described his sex life and use of sex toys at work in

EEOC'S FIRST AMENDED COMPLAINT                                                          8

front of Hess and other employees.

51.    In March 2022, Hess reported Tello and Nieto's sexual harassment to Adcock. The same day, Adcock reported Hess' complaint to Human Resources but never received or was informed of any follow-up.

52.    After hearing no update from Human Resources, Hess reported the harassment to COO Franceschini. Franceschini told Hess he trusted his managers and to move on.

53.    Franceschini did not respond to Hess' questions or requests for updates regarding her complaint.

54.    In May 2022, the same month in which Sanchez was terminated, Franceschini transferred Hess to the Audi North Austin, a dealership that is a part of the integrated enterprise.

55.    As Defendants' Chief Operating Officer, Franceschini also oversees Audi North Austin.

56.    While at Audi North Austin, Hess continued to report the sexual harassment she experienced at South Austin Nissan to Franceschini; however, because he continued to ignore her complaints, her distress worsened.

57.    The harassment Hess had experienced resulted in her constructive discharge. Hess was forced to resign on June 28, 2022 within weeks of her transfer due to the physical manifestations of stress from the harassment she experienced at South Austin Nissan.

58.    In May 2022, Defendants reduced Adcock's wages after he reported Sanchez and Hess' sexual harassment. This occurred during the same month in which Sanchez was discharged.

59.    In September 2022, Franceschini informed Adcock he was to be transferred to another of the Defendants' dealerships, Maserati of Austin, resulting in a significant pay cut, a reduction in the number of employees he supervised, and an increased commute time.

60.    In January 2023, Maserati of Austin fired Adcock, informing him they wanted to move in a different direction.

61.   South Austin Nissan Used Sales Manager Michael "Mike" Hernandez also sexually harassed female employees.

62.   Silvia Rubio worked at South Austin Nissan in Used Car Sales from November 2020 to February 2023.

63.   Hernandez supervised Rubio at South Austin Nissan.

64.   Multiple times a week, Hernandez made sexual comments and jokes to Rubio, including about Rubio's body and clothing.

65.   Rubio was uncomfortable and offended by Hernandez's comments on her body and clothing.

66.   Hernandez told Rubio sexually explicit stories about himself. Rubio objected to Hernandez telling her these stories.

67.   Hernandez regularly commented on female employees' appearances, stating they should wear heels and short skirts to make deals, recommending they "show more, sell more."

68.   Rubio reported Hernandez's behavior to Adcock, who called Human Resources to report the harassment.

69.   After learning Rubio had reported his behavior, Hernandez called Rubio "a snitch" and refused to work with her on car sales, resulting in decreased sales for Rubio.

70.   On February 8, 2023, Rubio was constructively discharged from her position as a result of the harassment from Hernandez.

71.   Though Defendants received several complaints placing them on notice of Tello, Nieto, and Hernandez's harassing conduct, they failed or refused to exercise reasonable care to prevent and correct any harassing behavior.

72.   Despite complaints of extensive and repeated harassment, Tello remained in his supervisory position as a General Manager.

73.   Furthermore, Defendants failed or refused to properly train staff on how to prevent

EEOC'S FIRST AMENDED COMPLAINT                                                                    10

and correct discriminatory conduct or harassment.

74. Despite receiving numerous reports of sex harassment from Adcock, Sanchez, Hess, and Rubio, Defendants' Human Resources Department failed to properly investigate the sexual harassment complaints.

75. The unlawful employment practices complained of in paragraph 12-74 above were intentional.

76. The unlawful employment practices complained of in paragraph 12-74 above were done with malice or with reckless indifference to Sanchez, Hess, Rubio, and Adcock's federally protected rights.

### **PRAYER FOR RELIEF**

Wherefore, EEOC respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, their officers, agents, servants, employees, attorneys, successors, and all persons in active concert or participation with them from subjecting individuals to a sexually hostile work environment resulting in constructive discharge and failing or refusing to take corrective and preventative measures as required under Title VII.

B. Grant a permanent injunction enjoining the Defendants, their officers, agents, servants, employees, attorneys, successors, and all persons in active concert or participation with them from subjecting individuals to retaliation because of their opposition to practices believed to be unlawful under Title VII or for their participation in the filing of a charge for investigation, proceeding or hearing under Title VII.

C. Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for women that eradicate the effects of its past and present unlawful employment practices.

D. Order Defendants to make whole Adcock, and a class of similarly situated

EEOC'S FIRST AMENDED COMPLAINT

aggrieved individuals including but not limited to Rubio, who were discharged or constructively discharged as a result of Defendants' discriminatory conduct by providing appropriate back pay with prejudgment interest in amounts to be determined at trial and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or front pay in lieu thereof.

E.      Order Defendants to make whole Adcock, Sanchez, and a class of similarly situated aggrieved individuals, including but not limited to Hess and Rubio, who were adversely affected by Defendants' discriminatory conduct, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 12-74 above, including but not limited to relocation and job search expenses and other consequential costs and expenditures in amounts be determined at trial.

F.      Order Defendants to make whole Adcock, Sanchez, and a class of similarly situated aggrieved individuals including but not limited to Hess and Rubio, by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices described above in paragraphs 12-74, including but not limited to emotional pain, suffering, inconvenience, and loss of enjoyment of life in amounts to be determined at trial.

G.      Order Defendants to pay Adcock, Sanchez, and a class of similarly situated aggrieved individuals including but not limited to Hess and Rubio, for punitive damages for their malicious or reckless conduct described above in amounts to be determined at trial.

H.      Grant such further relief as the Court deems necessary and proper in the public interest.

I.      Award EEOC its costs in this action.

## **JURY TRIAL DEMAND**

EEOC requests a jury trial on all questions of fact raised by its Complaint.

EEOC'S FIRST AMENDED COMPLAINT                                                          12

Respectfully submitted,

ANDREW ROGERS
Acting General Counsel

CHRISTOPHER LAGE
Deputy General Counsel

TIMOTHY MAUGHAN
Regional Attorney

/s/ Shannon J. Black
SHANNON J. BLACK
Trial Attorney
Texas State Bar No. 24126061
E-mail:  shannon.black@eeoc.gov

/s/ Philip Moss
PHILIP MOSS
Trial Attorney
Texas State Bar No. 24074764
E-mail:  philip.moss@eeoc.gov

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

Dallas District Office
207 Houston, 3rd Floor
Dallas, Texas 75202
(TEL) (972) 918-3597
(FAX) (214) 253-2749

PLAINTIFF'S
EXHIBIT

**B**
_____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § | |
| *Plaintiff*, | § § § | |
| v. | § § § | Civil Action No.: 1:23-cv-01541-RP |
| NICPA CENTRAL AUTO GROUP, LLC and CENTRAL AUSTIN MOTORCARS d/b/a SOUTH AUSTIN NISSAN, | § § § § | |
| *Defendants*. | § § | |

### PLAINTIFF EEOC'S FIRST INTERROGATORIES TO DEFENDANTS NICPA CENTRAL AUTO GROUP, LLC and CENTRAL AUSTIN MOTORCARS d/b/a SOUTH AUSTIN NISSAN

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff, Equal Employment Opportunity Commission serves these Interrogatories upon Defendants NICPA Central Auto Group, LLC ("NICPA") and Central Austin Motorcars d/b/a South Austin Nissan ("SAN") (collectively "Defendants"). The documents shall be produced to the undersigned attorney within thirty days after the service of these Requests via electronic methods mutually agreed upon by the parties.

### INSTRUCTIONS

1.      In answering these Interrogatories, furnish all information available to you, including information that is known by, possessed by, or available to any of your attorneys, consultants, representatives,      agents,      and      all      others      acting      on      your      behalf.

2.      If you are unable to answer fully any of these Interrogatories, you must answer them to the fullest extent possible, specifying the reason(s) for your inability to answer the remainder and

*Plaintiff EEOC's First Interrogatories*

stating whatever information, knowledge, or belief you have concerning the unanswerable portion.

3.      For each Interrogatory and subpart of each Interrogatory, if the information furnished in your answer is not within your personal knowledge identify each person to whom the information is a matter of personal knowledge, if known.

4.      With respect to any information which you claim is privileged, give a brief description of the nature and subject matter of the information, the persons having knowledge of the information, and the grounds and circumstances on which you claim it is privileged.

5.      If you choose to produce documents under Rule 33(d) of the Federal Rules of Civil Procedure, in lieu of providing written answers to some or all of these Interrogatories, organize all documents produced according to the specific Interrogatory to which the document is responsive.

6.      These Interrogatories are considered continuing pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, and you are requested to provide supplemental answers or responses.

7.      Unless otherwise specified, the relevant time period begins October 1, 2021 through the present (the "Relevant Time Period").

8.      Notwithstanding any definition below, each word, term, or phrase used in this Request for Production is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure. As used in this Request for Production, the following terms are to be interpreted in accordance with these definitions:

   a.  **Concerning.** The term "concerning" means referring to, describing, evidencing, or constituting.

   b.  **Document(s).** The terms "document," "documents" and "electronically stored information" are defined to be synonymous in meaning and equal in scope to the terms "documents" and "electronic stored information" as used in Rule 34(a) of the Federal Rules of Civil Procedure and includes the term "writing." Unless Defendants demonstrates undue burden or other grounds sufficient to meet the requirements of Rule 26(b) of the Federal Rules of Civil Procedure, electronic mail and other electronically stored information is included within the definition of the terms

2 of 7

*Plaintiff EEOC's First Interrogatories*

"document" or "documents." The terms "writings," "recordings," and "photographs" are defined to be synonymous in meaning and equal in scope to the usage of those terms in Rule 1001 of the Federal Rules of Civil Procedure. A draft or non-identical copy is a separate document within the meaning of the terms "document" or "documents.

c. **Identify (Documents).** When referring to documents, to "identify" means to give, to the extent known: (i) the type of document; (ii) the general subject matter of the document; (iii) the date of the document; (iv) the author(s), according to the document; and (v) the person(s) to whom, according to the document, the document (or a copy) was to have been sent; or, alternatively, to produce the document.

d. **Identify (Persons).** When referring to natural persons, to "identify" means to give the person's: (i) full name; (ii) present or last known address and personal telephone number; and (iii) personal email address. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

e. **"Refer to" and "Relate to."** These terms "refer to" and "relate to" are to be construed broadly to mean any reasonable connection to the subject matter of the request, whether the connection is direct or indirect.

f. **"You" or "your" or "Defendants."** These terms, "you" or "your" or "Defendants" means NICPA Central Auto Group, LLC and/or Central Austin Motor Cars d/b/a South Austin Nissan, and includes all past and present employees, agents, administrators, subsidiaries, affiliates, corporate parents, successors, officers, directors, consultants, representatives, attorneys, and any other person acting or purporting to act on its/their behalf or under its/their control. If Defendants must make a distinction between NICPA, SAN, and/or any subsidiaries or affiliate to provide a complete and accurate answer to any request, Defendants must explain the distinction in their response.

g. **Claimants.** This term "Claimants" means Mireya Sanchez, Melissa Hess, Silvia Rubio, and Kevin Adcock.

h. **Person.** The term "Person" means any natural person or group of natural persons, or any entity or group of entities, including without limitation, any corporation, partnership, association, business trust, legal representative, or other organization.

Respectfully submitted,

*/s/ Shannon J. Black*
SHANNON J. BLACK
Trial Attorney
Texas State Bar No. 24126061
E-mail: shannon.black@eeoc.gov

*Plaintiff EEOC's First Interrogatories*

ROBERT CANINO
Regional Attorney
Oklahoma State Bar No. 011782
E-mail: robert.canino@eeoc.gov


ADRIANA G. RODRIGUEZ
Trial Attorney
Texas State Bar No. 24071467
E-mail:  adriana.rodriguez@eeoc.gov

PHILIP MOSS
Trial Attorney
Texas State Bar No. 24074764
E-Mail: philip.moss@eeoc.gov


**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Dallas District Office

207 Houston, 3rd Floor

Dallas, Texas 75202
Telephone: (972) 918-3598
Facsimile: (214) 253-2749


## CERTIFICATE OF SERVICE

I hereby certify that on 23rd day of July 2024, I served a copy of the foregoing on counsel for Defendants via email pursuant to agreement of the parties.

MATTHEW G. REEVES
Texas State Bar No. 00791498
E-mail:  mreeves@jdkglaw.com


AKUNNA O. OFODU
Texas State Bar No. 24116849
E-mail:  aofodu@jdkglaw.com


DONALD W. GOULD II
Texas State Bar No. 08234250
E-mail:  dgould@jdkglaw.com

**JOHNSON DELUCA KURISKY & GOULD, PC**
Four Houston Center

4 of 7

*Plaintiff EEOC's First Interrogatories*

1221 Lamar Street, Suite 1000
Houston, TX 77010

Telephone: (713) 652-2525
Facsimile: (713) 652-5130

COUNSEL FOR DEFENDANTS

*/s/ Shannon J. Black*
SHANNON J. BLACK

*Plaintiff EEOC's First Interrogatories*

## INTERROGATORIES

**INTERROGATORY NO. 1:** Identify all persons that Defendants have reason to believe have, or might have, information about the claims or defenses raised in this action and describe in detail the substance of the information Defendants believe that person has or might have. As used herein, the term "information" is not limited to direct knowledge, but includes any information however acquired, including hearsay. In identifying each person, include their (a) full name; (b) job title; and (c) current and/or last known business, home, and email addresses, and telephone numbers.

**RESPONSE TO INTERROGATORY NO. 1:**

**INTERROGATORY NO. 2:** Identify each person involved in Defendants' decision to transfer Kevin Adcock from SAN to Maserati Austin. In identifying each person, include their (a) full name; (b) job title; (c) current and/or last known business, home, and email addresses, and telephone numbers; (d) dates of employment with Defendants; and (e) describe his or her role in the decision-making process.

**RESPONSE TO INTERROGATORY NO. 2:**

**INTERROGATORY NO. 3:** Identify each and every reason Defendants transferred Kevin Adcock from SAN to Maserati Austin. For each reason, identify individuals with knowledge of the facts that support or refute each reason. In identifying each person, include their (a) full name; (b) job title; (c) current and/or last known business, home, and email addresses, and telephone numbers; and (d) dates of employment with Defendants.

**RESPONSE TO INTERROGATORY NO. 3:**

**INTERROGATORY NO. 4:** Identify by name and job title the individual(s) who conducted any investigation into the Claimants' allegations of inappropriate sexual comments and/or conduct.

**RESPONSE TO INTERROGATORY NO. 4:**

**INTERROGATORY NO. 5:** Identify each current or former employee of Defendants who reported or complained about inappropriate sexual comments and/or conduct. In identifying each

6 of 7

*Plaintiff EEOC's First Interrogatories*

person, include (a) the date of their complaint(s); (b) whether the complaint(s) was made orally or in writing; (c) to whom the complaint was made; (d) the individual(s) identified as engaging in inappropriate sexual comments and/or conduct; (e) a description of the complaint(s); (f) and any action taken by Defendants in response.

**RESPONSE TO INTERROGATORY NO. 5:**

**INTERROGATORY NO. 6**: For each week in calendar years 2021 to 2023, state the number of individuals each Defendant employed. For each workweek, identify those individuals who actively worked during said week, as well as those individuals who were on vacation, sick leave, medical leave, personal leave, military leave, and/or paid time off.

**RESPONSE TO INTERROGATORY NO. 6:**

**INTERROGATORY NO. 7**: Describe Defendants' structure, organizational units, and management hierarchy for each calendar year from 2021 through the present.

**RESPONSE TO INTERROGATORY NO. 7:**

*Plaintiff EEOC's First Interrogatories*

PLAINTIFF'S
EXHIBIT

**C**

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | § § § | |
| *Plaintiff,* | § § | |
| **v.** | § § § | **Civil Action No.: 1:23-cv-01541-RP** |
| **NICPA CENTRAL AUTO GROUP, LLC and CENTRAL AUSTIN MOTORCARS d/b/a SOUTH AUSTIN NISSAN,** | § § § § § | |
| *Defendants.* | § | |

**PLAINTIFF EEOC'S FIRST REQUEST FOR PRODUCTION TO DEFENDANTS
NICPA CENTRAL AUTO GROUP, LLC and CENTRAL AUSTIN MOTORCARS d/b/a
SOUTH AUSTIN NISSAN**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Equal Employment Opportunity Commission serves this Request for Production upon Defendants NICPA Central Auto Group, LLC ("NICPA") and Central Austin Motorcars d/b/a South Austin Nissan ("SAN") (collectively "Defendants"). The documents requested shall be produced to the undersigned attorney within thirty (30) days after the service of this Request via electronic methods mutually agreed upon by the parties.

**INSTRUCTIONS**

1. All documents that respond, in whole or part, to any portion of the requests below are to be produced in their entirety, including all attachments and enclosures.

2. Defendants should produce one copy of each requested document. A document that varies in any way from its original or from any other copy, including a document with handwritten notations or deletions in a draft of a document finalized later, constitutes a separate document and must be produced, whether or not the original is within Defendants' possession, custody, or control. Where an identical copy of a document cannot be produced for any reason (e.g. different color entries, faint writing, erasures, etc.), please produce the original.

1 of 12

*Plaintiff EEOC's First Request for Production*

3. All documents or e-discovery requested should be produced in the form requested in Exhibit "A."

4. Unless otherwise specified, the relevant time period begins October 1, 2021 through the present (the "Relevant Time Period"). All documents relating to this period, regardless of when they were actually prepared, are to be produced.

5. Whenever Defendants are asked to identify or produce a document which is deemed by Defendants to be properly withheld from production for inspection or copying, if Defendants are withholding the document under claim of privilege (including, but not limited to, the work product doctrine), please provide the information set forth in Rule 26(b)(5) of the Federal Rules of Civil Procedure, including the type of document, the general subject matter of the document, the date of the document, and such other information as is sufficient to identify the document, including, where appropriate, the author, addressee, custodian, and any other recipient of the document, and where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other, in a manner that, without revealing the information claimed to be protected, will enable EEOC to assess the applicability of the privilege or protection claimed.

6. When a document contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible without disclosing the privileged material. If a privilege is asserted with regard to part of the material contained in a document, the party claiming the privilege must clearly indicate the portions as to which the privilege is claimed. When a document has been redacted or altered in any fashion, identify as to each document the reason for the redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alteration. Any redaction must be clearly visible and marked on the redacted document.

7. Defendants bear the burden to justify any objection that Defendants assert in response to this discovery request. If Defendants object to any request, whether in whole or in part, state the legal basis for each objection raised and the factual grounds upon which Defendants rely to support each objection.

8. To the extent Defendants object to a specific request, Defendants must state whether any documents have been withheld on the basis of that objection, in conformity with Rule 34(b)(2)(C) of the Federal Rules of Civil Procedure.

9. If an objection is to only part of a request, the objection must specify the part and produce responsive documents to the remainder, in conformity with Rule 34(b)(2)(C) of the Federal Rules of Civil Procedure.

10. If Defendants encounter any ambiguities when construing a request or definition, the response shall set forth the matter deemed ambiguous, and the construction used when responding.

11. This Request shall be deemed continuing so as to require supplemental responses pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

*Plaintiff EEOC's First Request for Production*

12. If any document called for by this Request has been destroyed, identify that document as follows: author; addressee; indicated or blind copies; date; subject matter; number of pages; attachment or appendices; all persons to whom it was distributed, shown, or explained; date of destruction; person authorizing destruction; and person that destroyed the document.

13. Notwithstanding any definition below, each word, term, or phrase used in this Request for Production is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure. As used in this Request for Production, the following terms are to be interpreted in accordance with these definitions:

a. **Concerning.** The term "concerning" means referring to, describing, evidencing, or constituting.

b. **Document(s).** The terms "document," "documents" and "electronically stored information" are defined to be synonymous in meaning and equal in scope to the terms "documents" and "electronic stored information" as used in Rule 34(a) of the Federal Rules of Civil Procedure and includes the term "writing." Unless Defendants demonstrate undue burden or other grounds sufficient to meet the requirements of Rule 26(b) of the Federal Rules of Civil Procedure, electronic mail and other electronically stored information is included within the definition of the terms "document" or "documents." The terms "writings," "recordings," and "photographs" are defined to be synonymous in meaning and equal in scope to the usage of those terms in Fed. R. Evid. 1001. A draft or non-identical copy is a separate document within the meaning of the terms "document" or "documents.

c. **Identify (Documents).** When referring to documents, to "identify" means to give, to the extent known: (i) the type of document; (ii) the general subject matter of the document; (iii) the date of the document; (iv) the author(s), according to the document; and (v) the person(s) to whom, according to the document, the document (or a copy) was to have been sent; or, alternatively, to produce the document.

d. **Identify (Persons).** When referring to natural persons, to "identify" means to give the person's: (i) full name; (ii) present or last known address and personal telephone number; and (iii) personal email address. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

e. "**Refer to" and "Relate to.**" The terms "refer to" and "relate to" are to be construed broadly to mean any reasonable connection to the subject matter of the request, whether the connection is direct or indirect.

f. **Personnel File.** The term "personnel file" means not only applications for employment, evaluations, awards and the like, commonly kept in some central place and called by that name or something similar, but also all other documents concerning or primarily concerning the employment of persons referred to, regardless of where kept and regardless of by whom prepared, including all applications for employment, resumes, attendance records, employee calendars, tests, performance appraisals, awards, documents reflecting

3 of 12

*Plaintiff EEOC's First Request for Production*

job performance and/or employee conduct, letters of commendation, reprimands, letters of termination, wages, overtime, salary, commission, bonuses and other compensation and benefits, personnel action notices and all other personnel documents, notes taken during conversations with the person, notes take during conversations about the person, memoranda and letters exchanged with the person and those exchanged with other persons but concerning the person, correspondence with any state employment service concerning the person, records of all communications with other employees concerning the person, investigative files and reports concerning or substantially concerning the person identified whether or not they actually are contained in the personnel file.

g. **"You" or "your" or "Defendants."** The terms "you" or "your" or "Defendants" means NICPA Central Auto Group, LLC and/or Central Austin Motor Cars d/b/a South Austin Nissan, and includes all past and present employees, agents, administrators, subsidiaries, affiliates, corporate parents, successors, officers, directors, consultants, representatives, attorneys, and any other person acting or purporting to act on its/their behalf or under its/their control. If Defendants must make a distinction between NICPA, SAN, and/or any subsidiaries or affiliate to provide a complete and accurate answer to any request, Defendants must explain the distinction in their response.

h. **Claimants.** The term "Claimants" means Mireya Sanchez, Melissa Hess, Silvia Rubio, and Kevin Adcock.

i. **Person.** The term "Person" means any natural person or group of natural persons, or any entity or group of entities, including without limitation, any corporation, partnership, association, business trust, legal representative, or other organization.

Respectfully submitted,

*/s/ Shannon J. Black*
SHANNON J. BLACK
Trial Attorney
Texas State Bar No. 24126061
E-mail: shannon.black@eeoc.gov

ROBERT CANINO
Regional Attorney
Oklahoma State Bar No. 011782
E-mail: robert.canino@eeoc.gov

ADRIANA G. RODRIGUEZ
Trial Attorney
Texas State Bar No. 24071467
E-mail:  adriana.rodriguez@eeoc.gov

PHILIP MOSS

*Plaintiff EEOC's First Request for Production*

Trial Attorney
Texas State Bar No. 24074764
E-Mail: philip.moss@eeoc.gov

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Dallas District Office
207 Houston, 3rd Floor
Dallas, Texas 75202
Telephone: (972) 918-3598
Facsimile: (214) 253-2749

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of July 2024, I served a copy of the foregoing on counsel for Defendants via email pursuant to agreement of the parties.

MATTHEW G. REEVES
Texas State Bar No. 00791498
E-mail:  mreeves@jdkglaw.com

AKUNNA O. OFODU
Texas State Bar No. 24116849
E-mail:  aofodu@jdkglaw.com

DONALD W. GOULD II
Texas State Bar No. 08234250
E-mail:  dgould@jdkglaw.com

**JOHNSON DELUCA KURISKY & GOULD, PC**
Four Houston Center
1221 Lamar Street, Suite 1000
Houston, TX 77010

Telephone: (713) 652-2525
Facsimile: (713) 652-5130

COUNSEL FOR DEFENDANTS

*/s/ Shannon J. Black*
SHANNON J. BLACK

5 of 12

*Plaintiff EEOC's First Request for Production*

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:** All documents identified by Defendants in response to Plaintiff's First Set of Interrogatories.

**REQUEST NO. 2:** Any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgments, pursuant to Rule 26(a)(1)(A)(iv) of the Federal Rules of Civil Procedure.

**REQUEST NO. 3:** Documents obtained from any third-party relating to this matter, including, but not limited to, documents obtained via third-party subpoena.

**REQUEST NO. 4:** Witness statements obtained related to this matter.

**REQUEST NO. 5:** Documents concerning and/or reflecting the relationship between Defendants, including, but not limited to, the business organizational structure, ownership, financial relationship between Defendants, and documents filed with the Texas Secretary of State.

**REQUEST NO. 6:** Documents concerning or reflecting contractual agreements entered into between either Defendant and Nissan North America, Inc.

**REQUEST NO. 7:** Documents sufficient to show the names, job titles, and/or responsibilities of individuals who perform work at or for both Defendants.

**REQUEST NO. 8:** For each fiscal year from 2021 to present, provide (i) audited financial statements (or unaudited if audited statements are not available) for each Defendant; (ii) documents sufficient to show each Defendants' gross income, net income, and expenditures; (iii) each Defendants' profit and loss statements; (iv) Defendants' complete state and federal corporate tax returns; and (v) any of Defendants' annual reports (that reflect Defendants' income) that were filed with any government department or agency.

**REQUEST NO. 9:** Documents reflecting 2024 business transactions (including purchase or sale agreements) entered into by either Defendant related to the car dealership formerly known as South Austin Nissan, or any asset sale pertaining to the dealership formerly known as South Austin Nissan.

**REQUEST NO. 10:** Any contractual agreements between Defendants.

**REQUEST NO. 11:** Documents reflecting communications between NICPA personnel (including, but not limited to, Sylinda Kenyon and other human resources personnel) and SAN personnel (including, but not limited to, human resources personnel) concerning human resources matters, including, but not limited to: (i) staffing; (ii) payroll; (iii) timekeeping of hours worked; (iv) FMLA requests; (v) employee withholding and taxation; and/or (vi) discrimination and retaliation.

*Plaintiff EEOC's First Request for Production*

**REQUEST NO. 12:** Provide documents sufficient to identify NICPA personnel who performed or were responsible for risk management functions for or on behalf of SAN between January 2021 to the present.

**REQUEST NO. 13:** Documents constituting or reflecting organizational charts, hierarchy charts, or other documents in effect during the time period from January 2021 to the present sufficient to show the organizational structure of Defendants, including any other parent entities or entities owned by Defendants, with the names and job titles of the people who fill or have filled the various positions.

**REQUEST NO. 14:** Defendants' employee handbooks in effect during the relevant time period.

**REQUEST NO. 15:** Documents regarding Sylinda Kenyon's job duties, job functions, and/or job responsibilities for, or on behalf of, SAN and/or NICPA, including, but not limited to, job description(s), and documents concerning or reflecting Ms. Kenyon's human resources work for SAN.

**REQUEST NO. 16:** Documents constituting Defendants' policies and/or procedures for their personnel to make reports of discrimination, harassment, and/or retaliation.

**REQUEST NO. 17:** Documents constituting Defendants' policies and/or procedures addressing their employees' reports of discrimination, harassment, and/or retaliation.

**REQUEST NO. 18:** Documents that describe the job duties, functions, and responsibilities of positions held by the Claimants during their employment with Defendants, including but not limited to job descriptions and any changes made during the relevant period.

**REQUEST NO. 19:** A complete copy of each named Claimants' personnel file, including dates of employment, promotion history, transfer history, and any disciplinary history.

**REQUEST NO. 20:** Documents showing the Claimants' compensation and benefits, including retirement plan, benefits, employee benefit summary plan descriptions, fringe benefits, and summaries of compensation.

**REQUEST NO. 21:** Documents sufficient to show training about workplace discrimination, harassment, and/or retaliation that Defendants provided to their personnel, including, but not limited to, agendas, training materials, and documents showing the attendees, dates, and locations of each training session.

**REQUEST NO. 22:** A complete copy of any files documenting the investigation into Mireya Sanchez's reports of sexual harassment by Armando Tello. This Request includes, but is not limited to, interview notes, witness reports or statements, decisions or determinations made, and communications providing updates on the investigative process.

**REQUEST NO. 23:** Documents concerning and/or reflecting communications (including texts, emails, and instant messages) between and/or among Defendants' personnel, including, but not

*Plaintiff EEOC's First Request for Production*

limited to, Sylinda Kenyon, Armando Tello, Kirk Franceschini, and Kevin Adcock, concerning Defendants' investigation of Mireya Sanchez's reports of sexual harassment.

**REQUEST NO. 24:** Documents concerning and/or reflecting communications (including texts, emails, and instant messages) between and/or among Defendants' personnel, including, but not limited to, Sylinda Kenyon, Armando Tello, Kirk Franceschini, and Kevin Adcock, concerning Defendants' investigation of Kevin Adcock's reports of sexual harassment involving the Claimants.

**REQUEST NO. 25:** Documentation reflecting communications (including emails, text messages, and instant messages) of Mireya Sanchez's reports to Sylinda Kenyon about sexual harassment.

**REQUEST NO. 26:** Documents reflecting any allegation, report, or complaint (oral written, or other, formal, or informal) of discrimination, harassment, or retaliation made to, or about, Defendants, and documents concerning or reflecting any investigation into such complaint. This Request includes, but is not limited to, reports of harassment made by the Claimants regarding Armando Tello, Andre Nieto, and/or Michael Hernandez.

**REQUEST NO. 27:** Documents concerning disciplinary measures taken in response to any allegation, report, or complaint (oral, written, formal or informal) of discrimination, harassment, or retaliation made to, or about, Defendants.

**REQUEST NO. 28:** Provide documentation of Sylinda Kenyon's interviews of Kevin Adcock and Oscar Diaz, as detailed in Respondent's Position Statement, dated September 23, 2022, regarding Mireya Sanchez's complaints of inappropriate sexual comments or conduct by Armando Tello.

**REQUEST NO. 29:** A complete copy of any files documenting the investigation into Melissa Hess's reports of inappropriate sexual comments or conduct. This Request includes any interview notes, witness reports or statements, decisions or determinations made, and communications providing updates on the investigative process.

**REQUEST NO. 30:** Documents reflecting communications (including emails, text messages, and instant messages) between and among Defendants' employees concerning any investigation of Melissa Hess' reports of inappropriate sexual comments or conduct.

**REQUEST NO. 31:** A complete copy of the Defendants' investigation file documenting the investigation into Silvia Rubio's reports of inappropriate sexual comments or conduct. This should include, but not be limited to, any interview notes, witness reports or statements, decisions or determinations made, and communications providing updates on the investigative process.

**REQUEST NO. 32:** Documents reflecting communications between and/or among Defendants' employees, including, but not limited to, Kevin Adcock, Sylinda Kenyon, and Armando Tello, including, but not limited to, texts, emails, and instant messages, concerning Defendants' investigation of Silvia Rubio's reports of inappropriate sexual comments or conduct.

*Plaintiff EEOC's First Request for Production*

**REQUEST NO. 33:** All documents that describe the job duties, functions, and responsibilities of positions held by Armando Tello during his employment with Defendants, including, but not limited to, his managerial responsibilities and requirements for anti-sexual harassment trainings.

**REQUEST NO. 34:** Personnel files of Armando Tello, maintained by either Defendant, including, but not limited to, contracts of employment; position descriptions; location and dates of employment; performance evaluations; complaints made by or about the individual; discipline, warnings and/or investigations about the individual's conduct or work performance; and descriptions of all positions held within Defendants' business entities, their affiliates, and any parent and subsidiary companies.

**REQUEST NO. 35:** Documents reflecting communications (including emails, text messages, and instant messages) related to the decision to transfer Armando Tello from South Austin Nissan to Baytown Nissan located at 5445 Interstate 10, Baytown, Texas, 77521.

**REQUEST NO. 36:** Documents reflecting communications (including text messages, emails and/or instant messages) between and/or among Defendants' personnel related to Defendants' transfer of Armando Tello from South Austin Nissan to Baytown Nissan located at 5445 Interstate 10, Baytown, Texas 77521, including, but not limited to, documents reflecting the reasons for the transfer and individuals involved in the decision to transfer.

**REQUEST NO. 37:** Documents concerning or reflecting reports, complaints, or allegations of inappropriate sexual comments and/or conduct, made against Armando Tello during the duration of his employment.

**REQUEST NO. 38:** Documents reflecting communications (including text messages, emails, and instant messages) between either Defendants' personnel, including but not limited to Sylinda Kenyon, Kevin Adcock, Kirk Franceschini, and Armando Tello, relating to: (i) inappropriate sexual conduct and/or comments; (ii) reports or complaints by Defendants' personnel regarding the same.

**REQUEST NO. 39:** All documents that describe the job duties, functions, and responsibilities of positions held by Michael Hernandez during his employment with Defendants, including but not limited to his managerial responsibilities and requirements for anti-sexual harassment trainings.

**REQUEST NO. 40:** Personnel files of Michael Hernandez maintained by either Defendant, including, but not limited to, contracts of employment; position descriptions; location and dates of employment; performance evaluations; complaints made by or about the individual; discipline, warnings and/or investigations about the individual's conduct or work performance; and descriptions of all positions held within Defendants' business entities, their affiliates, and any parent and subsidiary companies.

**REQUEST NO. 41:** Documents concerning or reflecting reports, complaints, or allegations of inappropriate sexual comments and/or conduct, made against Michael Hernandez during the duration of his employment.

9 of 12

*Plaintiff EEOC's First Request for Production*

**REQUEST NO. 42:** Documents reflecting communications (including text messages, emails, and instant messages) between Defendants' personnel, including but not limited to Sylinda Kenyon, Kevin Adcock, and Kirk Franceschini, and Michael Hernandez, relating to: (i) inappropriate sexual conduct and/or comments; (ii) reports or complaints by Defendants' personnel regarding the same.

**REQUEST NO. 43:** Personnel Files of Andre Nieto maintained by either Defendant, including, but not limited to, contracts of employment; position descriptions; location and dates of employment; performance evaluations; complaints made by or about the individual; discipline, warnings and/or investigations about the individual's conduct or work performance; and descriptions of all positions held within Defendants' business entities.

**REQUEST NO. 44:** Documents concerning or reflecting reports, complaints, or allegations of inappropriate sexual comments and/or conduct, made against Andre Nieto during the duration of his employment.

**REQUEST NO. 45:** Documents reflecting communications (including text messages, emails, and/or instant messages) between Defendants' personnel, including but not limited to Sylinda Kenyon, Kevin Adcock, and Kirk Franceschini, and Andre Nieto, relating to: (i) inappropriate sexual conduct and/or comments; (ii) reports or complaints by Defendants' personnel regarding the same.

**REQUEST NO. 46:** All text messages between Sylinda Kenyon and Mireya Sanchez from October 2021 to the present.

**REQUEST NO. 47:** Documents reflecting communications (including text messages, emails, and/or instant messages) between Kevin Adcock and Kirk Franceschini relating to inappropriate sexual comments and/or conduct, as well as reports or investigations regarding the same.

**REQUEST NO. 48:** Documents reflecting communications (including text messages, emails, and/or instant messages) between Kevin Adcock and Sylinda Kenyon relating to inappropriate sexual comments and/or conduct, as well as reports or investigations regarding the same.

**REQUEST NO. 49:** Documents reflecting communications (including text messages, emails, and/or instant messages) between Sylinda Kenyon and Kirk Franceschini relating to inappropriate sexual comments and/or conduct, as well as reports or investigations regarding the same.

**REQUEST NO. 50:** Documents reflecting communications (including text messages, emails, and/or instant messages) between Mireya Sanchez and Kirk Franceschini relating to Ms. Sanchez's employment with NICPA and/or SAN, including, but not limited to, any potential transfers, complaints of inappropriate sexual comments or conduct, and/or attendance.

**REQUEST NO. 51:** Documents reflecting communications (including text messages, emails, and/or instant messages) between Melissa Hess and Kirk Franceschini concerning: (i) Mr. Franceschini and Ms. Hess' romantic relationship; (ii) sex; (iii) complaints of inappropriate sexual conduct or comments by Defendants' employees; and/or (iv) Ms. Hess' SAN employment.

*Plaintiff EEOC's First Request for Production*

**REQUEST NO. 52:** Documents reflecting communications (including text messages, emails, and/or instant messages) between Kirk Franceschini and Armando Tello relating to complaints of inappropriate sexual conduct and comments by SAN personnel.

**REQUEST NO. 53:** Documents reflecting communications (including text messages, emails, and/or instant messages) between and/or among Defendants' personnel relating to Defendants' transfer of Kevin Adcock from South Austin Nissan to Maserati Austin located at 12925 Pond Springs Rd, Austin, Texas 78729, including but not limited to, documents reflecting the reasons for the transfer and the individuals involved in the decision to transfer, as well as the reasons for the decision to terminate and the individuals involved in the termination.

**REQUEST NO. 54:** Documents (including communications such as text messages, emails, and instant messages) concerning Claimants' work performance during their employment with Defendants.

**REQUEST NO. 55:** Documents sufficient to show wages, commissions, bonuses, benefits, or other compensation Claimants would have been entitled to as employees of Defendants had their employment with Defendants not ended.

**REQUEST NO. 56:** Documents submitted by, or on behalf of, Defendants to any governmental department or agency (including the Texas Workforce Commission) regarding Claimants' employment with Defendants and any documents received in response to the same.

**REQUEST NO. 57:** Documents submitted by, or on behalf of, Defendants to any governmental department or agency (including the Texas Workforce Commission) regarding Armando Tello's employment with Defendants and any documents received in response to the same.

**REQUEST NO. 58:** The floor plan and/or schematic of the SAN car dealership at 4914 S IH 35 Frontage Road, Austin, Texas 78745.

**REQUEST NO. 59:** Photographs of all interior spaces of the SAN car dealership at 4914 S IH 35 Frontage Road, Austin, Texas 78745.

**REQUEST NO. 60:** Any photographs and/or audio or video recordings reflecting physical contact between Armando Tello and Mireya Sanchez on Defendants' premises.

**REQUEST NO. 61:** Documents containing facts that support or refute Defendants' assertion that "Plaintiff's claims are barred by the Statue of Limitations," as set forth in Paragraph No. 80 of Defendants' First Amended Answer, dated March 28, 2024.

**REQUEST NO. 62:** Documents containing facts that support or refute Defendants' assertion that "Plaintiff's equitable claims are barred by the doctrine of equitable Estoppel," as set forth in Paragraph No. 82 of Defendants' First Amended Answer, dated March 28, 2024.

11 of 12

*Plaintiff EEOC's First Request for Production*

**REQUEST NO. 63:** Documents containing facts that support or refute Defendants' assertion that "Plaintiff's equitable claims are barred by the doctrine of laches," as set forth in Paragraph No. 83 of Defendants' First Amended Answer, dated March 28, 2024.

**REQUEST NO. 64:** Documents containing facts that support or refute Defendants' assertion that "this matter is subject to binding arbitration provision," as set forth in Paragraph No. 86 of Defendants' First Amended Answer, dated March 28, 2024.

*Plaintiff EEOC's First Request for Production*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**



| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY** | § | |
| **COMMISSION,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 1:23-CV-01541-RP** |
| | § | |
| **NICPA CENTRAL AUTO GROUP, LLC** | § | **COMPLAINT** |
| **and CENTRAL AUSTIN MOTORCARS** | § | **JURY TRIAL DEMANDED** |
| **d/b/a SOUTH AUSTIN NISSAN.,** | § | |
| *Defendants.* | § | |

**DEFENDANTS NICPA CENTRAL AUTO GROUP, LLC and CENTRAL AUSTIN MOTORCARS d/b/a SOUTH AUSTIN NISSAN OBJECTIONS and RESPONSES TO PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION FIRST SET OF <u>INTERROGATORIES</u>**

To:  Plaintiff, Equal Employment Opportunity Commission by and through her attorney of record, Karla Gilbride, Christopher Lage, Robert Canino, Suzanne Anderson, Shannon J. Black, Adriana G. Rodriguez, 207 Houston, 3rd Floor, Dallas, Texas 75202

Defendant, NICPA CENTRAL AUTO GROUP, LLC and CENTRAL AUSTIN MOTORCARS d/b/a SOUTH AUSTIN NISSAN ("South Austin" or "Defendants"), serves their objections and responses to Plaintiff Equal Employment Opportunity Commission herein referred as "EEOC", first set of interrogatories pursuant to Rule 33 of the Federal Rules of Civil Procedures.

Respectfully Submitted,

**JOHNSON DELUCA KURISKY & GOULD**
**A PROFESSIONAL CORPORATION**

By: */s/ Matthew G. Reeves*
Donald W. Gould, II
Texas State Bar No. 08234250
dgould@jdkglaw.com
Akunna Ofodu
Texas State Bar No. 24116849
aofodu@jdkglaw.com
Matthew G. Reeves
Texas State Bar No. 00791498
mreeves@jdkglaw.com

4 Houston Center
1221 Lamar, Suite 1000
Houston, Texas 77010
(713) 652-2525 - Telephone
(713) 652-5130 - Telecopier

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been delivered, as indicated below, to counsel of record on this Thursday, September 19, 2024.

*Via Electronic Service:*

Karla Gilbride
Christopher Lage
Robert A. Canino
Suzanne M. Anderson
Shannon J. Black
Adriana G. Rodrigu
Daniel B. Ross
Equal Employment Opportunity Commission
Dallas District Office
207 Houston, 3rd Floor
Dallas, Texas 75202
Tel: 972-918-3597
Fax:214-253-2749
*Shannon.black@eeco.gov*
*Adriana.rodriguez@eeoc.gov*

**Attorneys for Plaintiff**

　　　　　　　　　　　　　　　　　　　　*/s/ Matthew G. Reeves*
　　　　　　　　　　　　　　　　　　　　Matthew G. Reeves

2

**DEFENDANTS NICPA CENTRAL AUTO GROUP, LLC and CENTRAL AUSTIN MOTORCARS d/b/a SOUTH AUSTIN NISSAN OBJECTIONS and RESPONSES TO PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION FIRST SET OF INTERROGATORIES**

**INTERROGATORY NO. 1:** Identify all persons that Defendants have reason to believe have, or might have, information about the claims or defenses raised in this action and describe in detail the substance of the information Defendants believe that person has or might have. As used herein, the term "information" is not limited to direct knowledge, but includes any information however acquired, including hearsay. In identifying each person, include their (a) full name; (b) job title; and (c) current and/or last known business, home, and email addresses, and telephone numbers.

**RESPONSE:** **Defendants object to this request as it vague, ambiguous, and overly broad because it seeks the identity of "all persons" without regard to time or possible scope of knowledge. Plaintiff is directed to the witnesses identified in Defendants' 26(a)(1) Initial Disclosures, served June 14, 2024. Defendants will supplement if additional witnesses become known.**

**INTERROGATORY NO. 2:** Identify each person involved in Defendants' decision to transfer Kevin Adcock from SAN to Maserati Austin. In identifying each person, include their (a) full name; (b) job title; (c) current and/or last known business, home, and email addresses, and telephone numbers; (d) dates of employment with Defendants; and (e) describe his or her role in the decision-making process.

**RESPONSE:** **Kirk Franceschini is CEO of South Austin and Kevin Adcock was the General Sales Manager at South Austin Nissan.**

**INTERROGATORY NO. 3:** Identify each and every reason Defendants transferred Kevin Adcock from SAN to Maserati Austin. For each reason, identify individuals with knowledge of the facts that support or refute each reason. In identifying each person, include their (a) full name; (b) job title; (c) current and/or last known business, home, and email addresses, and telephone numbers; and (d) dates of employment with Defendants.

**RESPONSE:** **Kirk Franceschini and Kevin Adcock made the decision that Kevin Adcock would transfer to Maserati because they believed it would be a good fit for Adcock.**

**INTERROGATORY NO. 4:** Identify by name and job title the individual(s) who conducted any investigation into the Claimants' allegations of inappropriate sexual comments and/or conduct.

**RESPONSE:** **Defendants object on the ground that the request assumes all "Claimants" made such allegations. Melissa Hess, Kevin Adcock and Silvia Rubio did not make allegations of inappropriate sexual comments and/or conduct. Without waiving any objections, HR Personnel Sylinda Kenyon conducted the investigation into Mireya Sanchez' allegation of inappropriate sexual comments while Mireya Sanchez was suspended from South Austin.**

3

**INTERROGATORY NO. 5:** Identify each current or former employee of Defendants who reported or complained about inappropriate sexual comments and/or conduct. In identifying each person, include (a) the date of their complaint(s); (b) whether the complaint(s) was made orally or in writing; (c) to whom the complaint was made; (d) the individual(s) identified as engaging in inappropriate sexual comments and/or conduct; (e) a description of the complaint(s); (f) and any action taken by Defendants in response.

**RESPONSE:** **Defendants object to this request as it is irrelevant, overbroad, not limited in time, and seeks privileged information. The request seeks information about "each" current or former employee and is not reasonably limited in time nor as to the whether the subject matter of any such report or complaint has any relevance to the issues in this lawsuit or the EEOC complaint and/or conciliation efforts. Subject to the foregoing, Mireya Sanchez.**

**INTERROGATORY NO. 6**: For each week in calendar years 2021 to 2023, state the number of individuals each Defendant employed. For each workweek, identify those individuals who actively worked during said week, as well as those individuals who were on vacation, sick leave, medical leave, personal leave, military leave, and/or paid time off.

**RESPONSE:** **Defendants object to this request as it overly broad, unduly burdensome to obtain the number of individuals each Defendant employed, as Defendants have employed numerous people because most employees are commissioned salespeople with a high turnover rate. The working schedules of such individuals for the two years in question would have little, if any, relevance to the issues in this lawsuit and were not at issue in the EEOC charge or conciliation process. It would be very difficult for Defendants to track and compile this vast amount of information. The request seeks information that is irrelevant and is not proportional to the needs of the case. Defendants direct Plaintiffs to Defendants'26(a)(1) Initial Disclosures, served June 14, 2024 for the information responsive to this request. Defendants will supplement if additional responsive information becomes available.**

**INTERROGATORY NO. 7**: Describe Defendants' structure, organizational units, and management hierarchy for each calendar year from 2021 through the present.

**RESPONSE:** **Defendants object that this request is overbroad, harassing, fishing, disproportionate to the needs of the case, and it seeks irrelevant information to the extent it seeks information regarding privately owned parents and affiliated entities that have no connection to this lawsuit or to the EEOC charge or the conciliation. Defendants further object that the request seeks information that is not reasonably limited in time. At the times relevant to the events that form the basis of this lawsuit, Defendant South Austin Nissan was a d/b/a for Central Austin Motorcars, LLC ("CAM"). Austin NICPA Motorcars, LLC, owned 51% of CAM. Soni Autos Austin, LLC, owned 49% of CAM.**

4