**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | CIVIL ACTION NO. 1:23-CV-01541 |
| NICPA CENTRAL AUTO GROUP, LLC and CENTRAL AUSTIN MOTORCARS d/b/a SOUTH AUSTIN NISSAN., | § § § § | COMPLAINT JURY TRIAL DEMANDED |
| *Defendants.* | § | |

## STADIUM MOTORCARS, LLC and HI TECH MOTORCARS, LLC'S FIRST AMENDED ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendants, STADIUM MOTORCARS, LLC and HI TECH MOTORCARS, LLC's, (collectively "Defendants"), file this First Amended Answer pursuant to Federal Rule of Civil Procedure 8, in response to Plaintiff Equal Employment Opportunity Commission's ("EEOC") First Amended Complaint (the "Complaint") and in support thereof respectfully states as follows:

### JURISIDCTION & VENUE

1. Defendants admit that this Court has personal jurisdiction over Defendants.

2. Defendants admit that Defendant South Austin Nissan operated a dealership in the Western District of Texas. The remaining allegations contained in paragraph 2 are denied.

### PARTIES

3. The allegations contained in paragraph 3 of the Complaint do not require admission or denial. In the event that such a response is required, deny.

4. Admit that Defendant Hi Tech Motorcars, LLC, is a Texas limited liability company. The remaining allegations contained in paragraph 4 are denied.

5. Admit that Defendant Stadium Motorcars, LLC, is a Texas limited liability company. The remaining allegations contained in paragraph 5 are denied.

6. Defendants admit the allegations contained in paragraph 6.

7. Defendants deny the allegations contained in paragraph 7.

    a. Admit that Defendant Central Austin Motorcars operated South Austin Nissan. Admit that South Austin Nissan employed claimants. Defendants admit that Mr. Adcock worked for a Maserati dealership after terminating at South Austin Nissan. The remaining allegations are denied.

    b. Defendants admit the allegations contained in paragraph 7b.

    c. Defendants deny the allegations contained in paragraph 7c.

    d. Defendants deny the allegations contained in paragraph 7d.

    e. Defendants admit the allegations contained in paragraph 7e.

    f. Defendants deny the allegations contained in paragraph 7c.

    g. Defendants deny the allegations contained in paragraph 7g.

    h. Defendants deny the allegations contained in paragraph 7h.

    i. Defendants deny the allegations contained in paragraph 7i.

    j. Defendants deny the allegations contained in paragraph 7j.

    k. Admit that Sylinda Kenyon assisted in providing human resource functions for South Austin Nissan and that this included receiving a complaint of harassment from claimant Mireya Sanchez. The remaining allegations contained in paragraph 7k are denied.

    l. Admit that Kenyon received a W-2 from defendant Stadium Motorcars, LLC from 2021 – 2023. Any remaining allegations contained in paragraph 7l are denied.

m. Admit that Kirk Franceschini received a W-2 from Porsche Austin. Admit that Franceschini provided managerial functions for Porsche Austin, Audi North Austin, South Austin Nissan, Rolls-Royce of Austin, Bentley of Austin, Aston Martin of Austin, Lotus of Austin, Maserati of Austin, Alfa Romeo of Austin, and Georgetown Infiniti. All remaining allegations are denied.

n. Defendants deny the allegations contained in paragraph 7n.

o. Admit that Stadium Motorcars, LLC d/b/a Central Houston Nissan conducted business in the State of Texas from 2021 to 2023 and admit that South Austin Nissan conducted business in the State of Texas from 2021 – 2023. All remaining allegations are denied.

p. This paragraph does not require admission or denial. In the event such a response is required, denied.

8. Defendants admit the allegations contained in paragraph 8.

9. Defendants admit Defendants received a Letter of Determination but deny the remainder of the allegations contained in paragraph 9.

10. Defendants admit Defendants received a Notice of Failure of Conciliation but denies the remainder of the allegations contained in paragraph 10.

11. Defendants deny the allegations contained in paragraph 11.

12. Defendants deny the allegations contained in paragraph 12.

13. Defendants deny the allegations contained in paragraph 13.

14. Defendants admit the allegations contained in paragraph 14.

15. Defendants admit the allegations contained in paragraph 15.

16. Defendants deny the allegations contained in paragraph 16.

17. Defendants admit the allegations contained in paragraph 17.

18. Defendants admit the allegations contained in paragraph 18.

19. Defendants admit Armando Tello worked as a manager at South Austin but deny the remainder of the allegations in paragraph 19.

20. Defendants deny the allegations contained in paragraph 20.

21. Defendants deny the allegations contained in paragraph 21.

22. Defendants deny the allegations contained in paragraph 22.

23. Defendants deny the allegations contained in paragraph 23.

24. Defendants deny the allegations contained in paragraph 24.

25. Defendants deny the allegations contained in paragraph 25.

26. Defendants deny the allegations contained in paragraph 26.

27. Defendants deny the allegations contained in paragraph 27.

28. Defendants deny the allegations contained in paragraph 28.

29. Defendants deny the allegations contained in paragraph 29.

30. Defendants deny the allegations contained in paragraph 30.

31. Defendants deny the allegations contained in paragraph 31.

32. Defendants deny the allegations contained in paragraph 32.

33. Defendants deny the allegations contained in paragraph 33.

34. Defendants deny the allegations contained in paragraph 34.

35. Defendants deny the allegations contained in paragraph 35.

36. Defendants deny the allegations contained in paragraph 36.

37. Defendants admit Kenyon received an email from Sanchez regarding Armando Tello but deny the remainder of the allegations in paragraph 37.

38. Defendants admit Franceschini received a text message from Sanchez but deny the remainder of the allegations in paragraph 38.

39. Defendants deny the allegations contained in paragraph 39.

40. Defendants admit the allegations contained in paragraph 40.

41. Defendants admit Hess was hired as a car saleswoman at South Austin Nissan but deny the remainder of allegations contained in paragraph 41.

42. Defendants admit the allegations contained in paragraph 42.

43. Defendants deny the allegations contained in paragraph 43.

44. Defendants deny the allegations contained in paragraph 44.

45. Defendants deny the allegations contained in paragraph 45.

46. Defendants deny the allegations contained in paragraph 46.

47. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 47 as Defendants do not know how Hess felt about the allegations against Nieto.

48. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 48 as Defendants do not know what Hess experienced.

49. Defendants deny the allegations contained in paragraph 49.

50. Defendants deny the allegations contained in paragraph 50.

51. Defendants deny the allegations contained in paragraph 51.

52. Defendants deny the allegations contained in paragraph 52.

53. Defendants deny the allegations contained in paragraph 53.

54. Defendants admit Hess was transferred to Audi North Austin but denies the remainder of allegations contained in paragraph 54.

55. Defendants admit that Franceschini oversees Audi North Austin but deny the remainder of allegations contained in paragraph 55.

56. Defendants deny the allegations contained in paragraph 56.

57. Defendants deny the allegations contained in paragraph 57.

58. Defendants deny the allegations contained in paragraph 58.

59. Defendants admit Adcock was transferred to another dealership, Maserati of Austin, but deny the allegations contained in paragraph 59.

60. Defendants deny the allegations contained in paragraph 60.

61. Defendants deny the allegations contained in paragraph 61.

62. Defendants admit the allegations contained in paragraph 62.

63. Defendants admit the allegations contained in paragraph 63.

64. Defendants deny the allegations contained in paragraph 64.

65. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 65 as Defendants do not know how Rubio felt during the alleged time.

66. Defendants deny the allegations contained in paragraph 66.

67. Defendants deny the allegations contained in paragraph 67.

68. Defendants deny the allegations contained in paragraph 68.

69. Defendants deny the allegations contained in paragraph 69.

70. Defendants deny the allegations contained in paragraph 70.

71. Defendants deny the allegations contained in paragraph 71.

72. Defendants deny the allegations contained in paragraph 72.

73. Defendants deny the allegations contained in paragraph 73.

74. Defendants deny the allegations contained in paragraph 74.

75. Defendants deny the allegations contained in paragraph 75.

76. Defendants deny the allegations contained in paragraph 76.

## RELIEF SOUGHT

77. Defendants deny that Sanchez, Adcock, and a class of similarly situated aggrieved individuals, including but not limited to Hess and Rubio, are entitled to the relief sought and those items set forth in the prayer for judgment.

78. Defendants deny each and every allegation in the Complaint not otherwise controverted in this Answer.

## AFFIRMATIVE DEFENSES

79. Defendants assert that to the extent Plaintiff asserts any claims on behalf of a Claimant that occurred more than 300 days before Ms. Sanchez filed a charge of discrimination with the EEOC, such claims are barred by the Statue of Limitations. This specifically includes, at least, Claimant Rubio's allegations against Mr. Torres, which occurred more than 300 days before Claimant Sanchez filed her charge. Defendants also assert the defense of limitations as to any Claimant, including Samantha Rodriguez (to the extent her claims are determined to be properly before the Court) and any other new Clamant the EEOC may attempt to add to this action in which discovery is anticipated to yield additional facts supporting this affirmative defense.

80. Defendants assert Plaintiffs did not exhaust all administrative remedies prior to filing this lawsuit. Defendants assert that the EEOC's claims on behalf of Samatha Rodriguez (should the Court ultimately decide that such claims are timely and otherwise properly before the Court) are barred to the extent that such claims were not discovered or included in the EEOC's

administrative investigation, cause determination, or conciliation process, and thus were not administratively exhausted as required by Title VII. Allowing such claims to proceed violates the statutory framework and deprives Defendant of notice and an opportunity to conciliate as contemplated by Congress.

81. Defendants assert failure to exhaust administrative remedies against the claims brought on behalf of Claimants Adcock and Rubio. The subject matter of the investigation was Claimant Sanchez' allegations of sexual harassment by the General Manager of South Austin Nissan, Armando Tello. Claimant Adcock does not claim to have been sexually harassed. He claims he was terminated for reporting sexual harassment, yet at the same time he claims he failed to report the alleged harassment of Sanchez despite having a business duty to do so. Any claims Adcock has cannot be expected to grow out from charges in which he failed in his business duty to address, and he does not belong in the "class" of similarly aggrieved individuals to the extent his own actions allegedly contributed to the aggrievement. Claimant Rubio's allegations have no connection to Armanto Tello or anyone else mentioned in Sanchez' charge, and they occurred (except for time-barred allegations against Torres) months after Sanchez filed the charge and had left employment at South Austin Nissan.

82. Defendants assert that this matter is subject to binding arbitration provision.

83. Defendants assert that Plaintiff's equitable claims are barred by the doctrine of equitable estoppel.

84. Defendants assert that Plaintiff's equitable claims are barred by the doctrine of laches.

85. Defendants assert that Sanchez' employment with Defendants was terminated for cause, which is a legitimate, non-discriminatory business reason.

86. Defendants assert that Adcock's employment with Defendants was terminated for cause, which

is a legitimate, non-discriminatory business reason.

87. Defendants assert that Plaintiff's claims are barred, in whole or in part, under the Faragher-Ellerth affirmative defense. Plaintiff did not take advantage of defendant's mechanism to prevent and cure allegations of sexual harassment. *Faragher v. City of Boca Raton,* 524 U.S. 775, 806–08 (1998); *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 764–65 (1998). Defendants exercised reasonable care to prevent and correct promptly any sexually harassing behavior. At all relevant times, Defendants maintained a comprehensive anti-harassment policy that defined and prohibited sexual harassment and discrimination. The policy was distributed to all Defendants' employees in writing in, at least, the Associate Handbook that each employee was required to acknowledge and sign. Written materials about Defendants' sexual harassment policy were available at all times at South Austin Nissan and other dealerships.

88. Defendant provided regular training on sexual harassment, including the use of video training sessions that all employees were required to attend. Defendant also employed a fully time HR person that would handle and investigate all reports of sexual harassment. Defendants HR person would also provide in-person training regarding sexual harassment at least once every six months at the dealerships. Employees were trained on who to report sexual harassment to, including HR, and the contact information for HR was widely available to employees. Employees were also trained that sexual harassment could be reported to the General Sales Manager, such as Kevin Adcock, or to the General Manager, like Armando Tello. However, the GM and GSM could be bypassed, and reports of harassment could be submitted directly to HR. All employees were informed that the report did not have to be in writing and could be made by telephone call, for example, directly to Sylinda Kenyon at HR. But reports could be

in writing if they chose and communicated by email or text. Therefore, all employees were trained that there were multiple reporting mechanisms in the event they believed they had experienced sexual harassment or any other form of discrimination.

89. Despite having actual knowledge of these reporting procedures and multiple opportunities to report, Claimant Rubio unreasonably failed to utilize any of the available reporting mechanisms during the period when any of the alleged acts of harassment occurred, with the exception of her claim against Jay Torres, which is time barred. Claimant Sanchez likewise failed to report any of the alleged acts of sexual harassment until after she was terminated for physically striking a co-worker during an altercation that she started. To the extent that Samantha Rodriguez is properly before the Court as a claimant in this case, she too was fully trained on Defendants' sexual harassment policies and despite having actual knowledge of these reporting procedures and multiple opportunities to report, Rodriguez unreasonably failed to utilize any of the available reporting mechanisms during the period when any of the alleged acts of harassment occurred. Rodriguez made no reports of sexual harassment at any time while employed at South Austn. She was terminated because of poor performance.

90. Defendants assert the affirmative defense of unclean hands because Plaintiff Adcock, while serving in positions of authority or supervision, failed to comply with his obligations under Defendants' anti-harassment policies to report harassment that were reported to him. His failure to perform his duty as required by his position at South Austin is a direct or contributing cause to the claims that are asserted against Defendants in this lawsuit. Therefore, Adcock should be equitably barred from recovery against Defendants in this lawsuit.

## **PRAYER**

For these reasons, Defendants request that the Court (i) enter judgment against the EEOC and (ii) grant Defendants all other relief, at law or in equity, to which it is entitled. Defendants specifically reserve all defenses available under Federal Rules of Civil Procedure 8(c). Defendants reserve the right to assert any additional affirmative defenses that may be discovered during the course of additional investigation and discovery.

Respectfully Submitted,

**JOHNSON DELUCA KURISKY & GOULD,**
**A PROFESSIONAL CORPORATION**

By: */s/ Matthew G. Reeves*
    Matthew G. Reeves
    Texas State Bar No. 00791498
    mreeves@jdkglaw.com
    Sophia Malik
    Texas State Bar No. 24130977
    smalik@jdkglaw.com
    Amber H. Crosby
    Texas State Bar No. 24103158
    acrosby@jdkglaw.com
    4 Houston Center
    1221 Lamar St., Suite 1000
    Houston, Texas 77010

***ATTORNEYS FOR DEFENDANTS***
***STADIUM MOTORCARS, LLC and***
***HI TECH MOTORCARS, LLC***

OF COUNSEL:

**JOHNSON DELUCA KURISKY & GOULD,**
**A PROFESSIONAL CORPORATION**

Donald W. Gould, II
Texas State Bar No. 08234250
dgould@jdkglaw.com
4 Houston Center
1221 Lamar St., Suite 1000
Houston, Texas 77010

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been delivered, as indicated below, to counsel of record on this Tuesday, July 8, 2025.

**_Via Electronic Service:_**
Shannon Black
Philip Jonathan Moss
Equal Employment Opportunity Commission
Dallas District Office
207 Houston, 3rd Floor
Dallas, Texas 75202
Tel: 972-918-3597
Fax:214-253-2749
_shannon.black@eeco.gov_
_philip.moss@eeoc.gov_

**_Attorneys for Plaintiff_**

_/s/ Matthew Reeves_
Matthew Reeves