# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

|  |  |  |
|---|---|---|
| **U.S. Equal Employment Opportunity Commission,** | § | |
| *Plaintiff* | § | |
| | § | |
| | § | **No. 1:23-cv-01541-RP** |
| **v.** | § | |
| | § | |
| **Central Austin Motorcars, LLC,** | § | |
| **Hi Tech Motorcars, LLC, and** | § | |
| **Stadium Motorcars, LLC,** | § | |
| *Defendants* | § | |

## ORDER ON JURY SELECTION

By referral of the Honorable Robert Pitman under 28 U.S.C. § 636 (Dkt. 142), jury selection

will proceed before this Magistrate Judge at **9:30 a.m. Monday, July 6, 2026**, in Courtroom 4 on

the Fifth Floor of the United States Courthouse, 501 West Fifth Street, Austin, Texas, according

to the plan below. Counsel must appear to address any requested changes to the jury selection plan,

or any other issues concerning jury selection, at **9 a.m. Monday, July 6, 2026**.

## Proposed Jury Selection Plan

**I.    Welcome**

    A.    Venire seated in gallery

    B.    Explanation of purpose of voir dire examination

    C.    Initial instructions

**II.    General Questions (with follow-up questions as needed)**

    A.    Anticipated trial length: Undue hardship/special problem?

    B.    Statement of Facts:

> The U.S. Equal Employment Opportunity Commission, also called "the EEOC," an agency of the U.S. Government, brought this employment discrimination lawsuit against the Defendants Central Austin Motorcars LLC, Hi Tech Motorcars LLC, and Stadium Motorcars LLC under a federal law called Title VII of the Civil

Rights Act of 1964. In the lawsuit, the EEOC asserts that the Defendants, acting through various management and supervisory officials, violated Title VII by subjecting four former employees—Mireya Sanchez, Silvia Rubio, Melissa Hess and Samantha Garcia Rodriguez—to unlawful sexual harassment while they were employed by the Defendants. The EEOC also asserts that the Defendants violated Title VII by unlawfully forcing Ms. Rubio to resign her employment. Finally, the EEOC asserts that the Defendants violated Title VII by unlawfully subjecting a fifth former employee, manager Kevin Adcock, to reassignment to another dealership and later termination of his employment in retaliation for his reporting of sexual harassment to company officials and because he was a witness to Ms. Sanchez's complaint that she filed with the EEOC.

Defendants deny that they subjected any employee of South Austin Nissan to a sexually hostile work environment. Defendants contend that the conduct complained of was not unlawful because it was insufficiently severe or pervasive under the applicable legal standard, that Defendants exercised reasonable care to prevent and promptly correct any harassment, that several employees unreasonably failed to use the complaint procedures available to them, and that certain claims are barred by the applicable statute of limitations because they were not timely raised. As to the EEOC's allegation that a single employee was discharged in retaliation for reporting harassment, Defendants deny that allegation and contend that the employee in question was discharged for legitimate, non-retaliatory, performance-based reasons.

C.  Counsel, client, and witness introductions: Do you or any immediate family member know any of them? Have you been employed by, heard or read anything, or formed an opinion about them?

D.  Do you have any knowledge of other panel members or the courthouse judges and staff?

E.  Do you know anything about this case? Is there anything about the description that causes you to believe you could not judge this case fairly, with an open mind?

F.  Do you have any interest in the outcome of this litigation?

G.  Do you have any legal training, education, or work experience?

H.  Instructions on evidence and law: Are you able and willing to render a verdict solely on the evidence presented at the trial in the context of the law?

I.  Instruction on burden of proof in civil cases: Are you able to require plaintiffs to prove their case by a preponderance of the evidence and not hold them to a greater or lesser standard of proof?

III.    **Specific Questions Requested by Counsel (with follow-up questions as needed)**

   A.    Have you ever had any type of business relationship with the Defendants, such as being a supplier, contractor, or customer?

   B.    Have you or a family member or close friend ever worked in the car sales industry?

   C.    Have you or a family member or close friend ever had any contact with the EEOC, the Texas Workforce Commission on Civil Rights Division, or any similar state or federal agency? What was the nature of the contact? How did you feel about the experience?

   D.    Have you ever supervised employees, made hiring or firing decisions, or had responsibility for human resources, payroll, or workplace policies? Did you ever handle complaints of harassment or discrimination?

   E.    Has anyone alleged that you or a family member or close friend harassed or discriminated against someone in connection with employment? Without sharing anything you consider private, can you tell us generally what happened?

   F.    In this case, the EEOC is seeking damages for emotional distress. Do you have any beliefs or opinions that would prevent you from awarding such damages if they have been proven? Could you award them only in an amount supported by the evidence?

IV.    **Questions from Plaintiff's Counsel (20 minutes)**

V.    **Questions from Defendant's Counsel (20 minutes)**

VI.    **Final Questions by the Court, including any matter for the Court's attention**

VII.    **Recess**

   A.    Jurors are excused

   B.    Attorneys may exercise challenges for cause and peremptory challenges

   C.    Eight jurors are selected

VIII.    **Jurors Return to Courtroom**

   A.    Stricken jurors are excused

   B.    Jury is sworn and preliminary instructions are provided

   **SIGNED** on June 30, 2026.

   _____
   SUSAN HIGHTOWER
   UNITED STATES MAGISTRATE JUDGE

3