**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

**FILED**

July 23, 2026

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____JG_____

DEPUTY

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | § § § | |
| *Plaintiff,* | § § | |
| **v.** | § § | **Civil Action No.: 1:23-cv-01541-RP** |
| **CENTRAL AUSTIN MOTORCARS LLC; HI TECH MOTORCARS LLC; and STADIUM MOTORCARS LLC,** | § § § § § | |
| *Defendants.* | § § | |

**CONSENT DECREE**

This Consent Decree is made and entered into by and between Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC" or "Commission") and Defendants Central Austin Motorcars, LLC, Hi Tech Motorcars, LLC and Stadium Motorcars, LLC ("Defendants"). EEOC and Defendants are collectively referred to as "Parties" throughout this Consent Decree, and they may be alternatively referred to individually as "Party."

## I.    INTRODUCTION

1.    EEOC instituted this action on December 20, 2023 under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and Title I of the Civil Rights Act of 1991, asserting claims of unlawful employment practices on the basis of sex and retaliation. EEOC subsequently filed an Amended Complaint (ECF No. 43) on May 14, 2025.

2.    In the present action, EEOC alleges that Defendants subjected Mireya Sanchez, Silvia Rubio, Samantha Garcia Rodriguez and Melissa Hess to a hostile work environment because of their sex (female) in violation of Section 703(a) of Title VII. EEOC further alleges that Defendants subjected Rubio to constructive discharge because of sex in violation of Section 703(a)

of Title VII and subjected Kevin Adcock to retaliatory transfer and termination of his employment in violation of Section 704(a) of Title VII.

3.  Defendants deny all allegations in EEOC's Amended Complaint.

4.  In the interest of resolving this action without further litigation and adjudication, the Parties agree that this action should be fully and finally resolved by the entry of this Consent Decree. No Party shall contest the validity of this Consent Decree, or the jurisdiction of the U.S. District Court to enforce this Consent Decree on its terms.

5.  This Consent Decree resolves all claims raised in EEOC's Amended Complaint in this case. EEOC waives further litigation of all claims raised in the above-referenced Amended Complaint. EEOC expressly reserves its authority to process and litigate any other charges of discrimination which may now be pending or may in the future be filed against Defendants.

6.  The terms of this Consent Decree shall be binding and inure to the benefit of Defendants' present and further representatives, agents, directors, officers, employees, servants, members, assigns, subsidiaries, and any other corporations or entities into which Defendants may merge, or with which it may consolidate.

## II.    FINDINGS

7.  Having carefully examined the terms and provisions of this Consent Decree, and based on the pleadings, record, and stipulations of the Parties, the Court finds the following:

(a)    The Court has jurisdiction over the subject matter of this action and the Parties, venue is proper, and all administrative prerequisites have been met.

(b)    The Court shall retain jurisdiction to enforce this Consent Decree and its terms for all purposes, including, but not limited to, entering of all orders, judgments, and

2

decrees as necessary to implement the relief provided herein for the duration of this Consent Decree.

(c)    The terms of this Consent Decree are adequate, reasonable, equitable, and just.

(d)    The rights of the Parties, the aggrieved, and the public interest are adequately protected by this Consent Decree.

NOW, THEREFORE, in consideration of the mutual promises and agreements set forth herein, the sufficiency of which is hereby acknowledged, the Parties agree and the Court finds appropriate, and therefore, it is **ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

## III.    DEFINITIONS

8.    As used in this Consent Decree, the terms *complaint* or *complaints* shall mean any allegation or report made by any employee or job applicant or other person acting on their behalf, whether or not substantiated by evidence, whether or not made in conformity with Defendants' established procedures (so long as knowledge of the complaint may be imputed to Defendant), made by any means of communication, regarding potential harassment or discrimination (including but not limited to sex and retaliatory harassment or other discrimination), allegedly committed by any employee, officer, director, member, owner, contractor, vendor or customer of Defendants.

9.    The terms *day* or *days* shall mean calendar days unless business days are clearly specified in a provision of the Consent Decree.  If any deadline referenced in this Consent Decree shall fall on a weekend or a federal holiday, the deadline shall be moved to the next business day.

10.    The term *Effective Date* shall refer to the date that the Court approves and enters the Consent Decree as a final order.

11.     The terms *employee* or *employees* shall be construed in accordance with controlling Title VII case law defining the meaning of the term "employee" and "employer."

## IV.     MONETARY REMEDIES

### MIREYA SANCHEZ

12.     Within fourteen (14) days of the Effective Date, Defendants shall pay monetary relief to Mireya Sanchez in the total amount of two hundred twenty thousand dollars ($220,000.00), which shall constitute compensatory damages.

13.     Defendants shall not make withholdings from the amount payable to Mireya Sanchez as compensatory damages.

14.     Payment to Mireya Sanchez pursuant to Paragraph 12, above, shall be completed using a single check. Defendants shall deliver the check for monetary relief payable to "Mireya Sanchez" via certified U.S. mail (with a return receipt requested) or express overnight delivery to Mireya Sanchez at an address to be provided by EEOC. Within five (5) days of the date of delivery of the check to Mireya Sanchez, Defendants shall transmit to EEOC photocopies of the check and proof of delivery.

15.     In the event that Defendants are unable to successfully make delivery of the check required to be delivered by Paragraph 14, above, Defendants shall promptly notify the Commission of that fact, confer with the Commission about alternative methods of delivery, and then exercise reasonable diligence to attempt successful delivery of the check by alternate methods.

16.     By not later than the time that such tax documents are issued to other persons in the ordinary course of Defendants' business, Defendants shall issue to Mireya Sanchez an IRS Form 1099-MISC for the monetary relief amount constituting compensatory damages.

KEVIN ADCOCK

17.     Within fourteen (14) days of the Effective Date, Defendants shall pay monetary relief to Kevin Adcock in the total amount of three hundred fifty-five thousand dollars ($355,000.00), of which one hundred seventy thousand dollars ($170,000.00) shall constitute back pay (wages), fifteen thousand dollars ($15,000.00) shall constitute interest on back pay, and one hundred seventy thousand dollars ($170,000.00) shall constitute compensatory damages.

18.     Defendants shall make all applicable payroll tax withholdings required by law from the amount payable to Kevin Adcock as back pay. Defendants shall be responsible for paying their own share of payroll tax liability required by law. Defendants shall not make withholdings from the amounts payable to Kevin Adcock as interest on back pay and compensatory damages.

19.     Payment to Kevin Adcock pursuant to Paragraph 17, above, shall be completed using two checks: one check for the amount constituting back pay (less all payroll tax withholdings required by law) and a second check for the amount constituting interest on back pay and compensatory damages. Defendants shall deliver the two checks for monetary relief payable to "Kevin Adcock" via certified U.S. mail (with a return receipt requested) or express overnight delivery to Kevin Adcock at an address to be provided by EEOC. The check for the amount constituting back pay shall be accompanied by a written description setting forth the type and amount of all payroll tax withholdings made. Within five (5) days of the date of delivery of the two checks to Kevin Adcock, Defendants shall transmit to EEOC photocopies of both checks, the written description of payroll tax withholdings, and proof of delivery.

20.     In the event that Defendants are unable to successfully make delivery of one or more of the checks required to be delivered by Paragraph 19, above, Defendants shall promptly notify the Commission of that fact, confer with the Commission about alternative methods of

delivery, and then exercise reasonable diligence to attempt successful delivery of the check(s) by alternate methods.

21.     By not later than the time that such tax documents are issued to other persons in the ordinary course of Defendants' business, Defendants shall issue to Kevin Adcock an IRS Form W-2 for the monetary relief amount constituting back pay (wages) and an IRS Form 1099-MISC for the monetary relief amount constituting interest on back pay and compensatory damages.

SILVIA RUBIO

22.     Within fourteen (14) days of the Effective Date, Defendants shall pay monetary relief to Silvia Rubio in the total amount of one hundred fifty thousand dollars ($150,000.00), of which thirty thousand dollars ($30,000.00) shall constitute back pay (wages), five thousand dollars ($5,000.00) shall constitute interest on back pay, and one hundred fifteen thousand dollars ($115,000.00) shall constitute compensatory damages.

23.     Defendants shall make all applicable payroll tax withholdings required by law from the amount payable to Silvia Rubio as back pay. Defendants shall be responsible for paying their own share of payroll tax liability required by law. Defendants shall not make withholdings from the amounts payable to Silvia Rubio as interest on back pay and compensatory damages.

24.     Payment to Silvia Rubio pursuant to Paragraph 22, above, shall be completed using two checks: one check for the amount constituting back pay (less all payroll tax withholdings required by law) and a second check for the amount constituting interest on back pay and compensatory damages. Defendants shall deliver the two checks for monetary relief payable to "Silvia Rubio" via certified U.S. mail (with a return receipt requested) or express overnight delivery to Silvia Rubio at an address to be provided by EEOC. The check for the amount constituting back pay shall be accompanied by a written description setting forth the type and

6

amount of all payroll tax withholdings made. Within five (5) days of the date of delivery of the two checks to Silvia Rubio, Defendants shall transmit to EEOC photocopies of both checks, the written description of payroll tax withholdings, and proof of delivery.

25.     In the event that Defendants are unable to successfully make delivery of one or more of the checks required to be delivered by Paragraph 24, above, Defendants shall promptly notify the Commission of that fact, confer with the Commission about alternative methods of delivery, and then exercise reasonable diligence to attempt successful delivery of the check(s) by alternate methods.

26.     By not later than the time that such tax documents are issued to other persons in the ordinary course of Defendants' business, Defendants shall issue to Silvia Rubio an IRS Form W-2 for the monetary relief amount constituting back pay (wages) and an IRS Form 1099-MISC for the monetary relief amount constituting interest on back pay and compensatory damages.

<u>SAMANTHA GARCIA RODRIGUEZ</u>

27.     Within fourteen (14) days of the Effective Date, Defendants shall pay monetary relief to Samantha Garcia Rodriguez in the total amount of one hundred thousand dollars ($100,000.00), which shall constitute compensatory damages.

28.     Defendants shall not make withholdings from the amount payable to Samantha Garcia Rodriguez as compensatory damages.

29.     Payment to Samantha Garcia Rodriguez pursuant to Paragraph 27, above, shall be completed using a single check. Defendants shall deliver the check for monetary relief payable to "Samantha Garcia Rodriguez" via certified U.S. mail (with a return receipt requested) or express overnight delivery to Samantha Garcia Rodriguez at an address to be provided by EEOC. Within five (5) days of the date of delivery of the check to Samantha Garcia Rodriguez, Defendants shall

transmit to EEOC photocopies of the check and proof of delivery.

30.    In the event that Defendants are unable to successfully make delivery of the check required to be delivered by Paragraph 29, above, Defendants shall promptly notify the Commission of that fact, confer with the Commission about alternative methods of delivery, and then exercise reasonable diligence to attempt successful delivery of the check by alternate methods.

31.    By not later than the time that such tax documents are issued to other persons in the ordinary course of Defendants' business, Defendants shall issue to Samantha Garcia Rodriguez an IRS Form IRS Form 1099-MISC for the monetary relief amount constituting compensatory damages.

MELISSA HESS

32.    Within fourteen (14) days of the Effective Date, Defendants shall pay monetary relief to Melissa Hess in the total amount of one hundred thousand dollars ($100,000.00), which shall constitute compensatory damages.

33.    Defendants shall not make withholdings from the amount payable to Melissa Hess as compensatory damages.

34.    Payment to Melissa Hess pursuant to Paragraph 32, above, shall be completed using a single check. Defendants shall deliver the check for monetary relief payable to "Melissa Hess" via certified U.S. mail (with a return receipt requested) or express overnight delivery to Melissa Hess at an address to be provided by EEOC. Within five (5) days of the date of delivery of the check to Melissa Hess, Defendants shall transmit to EEOC photocopies of the check and proof of delivery.

35.    In the event that Defendants are unable to successfully make delivery of the check required to be delivered by Paragraph 34, above, Defendants shall promptly notify the Commission

of that fact, confer with the Commission about alternative methods of delivery, and then exercise reasonable diligence to attempt successful delivery of the check by alternate methods.

36.    By not later than the time that such tax documents are issued to other persons in the ordinary course of Defendants' business, Defendants shall issue to Melissa Hess an IRS Form 1099-MISC for the monetary relief amount constituting compensatory damages.

<u>OTHER MONETARY REMEDIES PROVISIONS</u>

37.    Upon entry of this Consent Decree by the Court, the Title VII claims pleaded in EEOC's Amended Complaint (ECF No. 43) in the above-styled and numbered action shall be fully and finally resolved.

(a)    The resolution of the above-styled and numbered action and Defendants' payment of the monetary relief required by this Consent Decree has not been, and shall not be, conditioned on any person executing a waiver or release of any claims or rights or any other agreement.

38.    Defendants acknowledge and agree to the following:

(a)    The Commission may be required to report the fact of this settlement to the IRS under Sections 162(f) and 6050X of the Internal Revenue Code, which allow for certain payments by employers to be deducted from the employer's taxes. If the Commission is required by law to do so, Defendants will be provided with a copy of the Form 1098-F provided to the Internal Revenue Service ("IRS"). Defendants' EIN's are: Central Austin Motorcars, LLC—82-3323242; Stadium Motorcars, LLC—46-3347307; Hi Tech Motorcars, LLC—38-3896244. The individual(s) at Defendants to whom the Commission should mail a copy of the Form 1098-F, if the Commission is required to issue one, are: Candido R. Pagan, CPA, CGMA, 3800 Southwest Freeway, Suite 300, Houston,

Texas 77021;

(b)      The Commission has not made any representations regarding whether the amount paid pursuant to this Consent Decree qualifies for the deduction under the Internal Revenue Code;

(c)      The Commission's provision to Defendants of Form 1098-F does not mean that the requirements to claim a deduction under the Internal Revenue Code have been met;

(d)      Any decision about a deduction pursuant to the Internal Revenue Code will be made solely by the IRS with no input from the Commission; and

(e)      Defendants are not acting in reliance on any representations made by the Commission regarding whether the amount paid pursuant to this Consent Decree qualify for a deduction under the Internal Revenue Code.

## V.      <u>INJUNCTIVE REMEDIES</u>

### <u>NON-DISCRIMINATION</u>

39.      Defendants, their owners, members, officers, directors, agents, employees, assigns, and all persons in active concert or participation with Defendants are hereby enjoined from engaging in any employment practice that discriminates against any person because of sex, including (a) creating, facilitating, or tolerating the existence of a hostile work environment because of sex; (b) failing to exercise reasonable care to prevent or correct a hostile work environment because of sex; and/or (c) taking any adverse employment action against any person because of sex.

40.      Defendants, their owners, members, officers, directors, agents, employees, assigns, and all persons in active concert or participation with Defendants are hereby enjoined from engaging in any form of retaliation against any person because such person has (a) opposed any

practice made unlawful or believed to be unlawful under Title VII; (b) filed a charge of discrimination under Title VII; (c) testified, assisted, or participated in any manner in any investigation, proceeding, or hearing under Title VII; (d) requested or received relief under this Consent Decree; and/or (e) asserted any rights under this Consent Decree.

APPOINTMENT OF TITLE VII COORDINATOR

41.     Within thirty (30) days of the Effective Date, and for the duration of this Consent Decree, Defendants will appoint a Title VII Coordinator to be agreed upon with EEOC, as a Title VII Coordinator. The Title VII Coordinator must have expertise in Title VII, EEOC compliance, human resources, and personnel matters. The Title VII Coordinator shall not report to, or be under the authority of, the officer or employee who is the subject of Paragraph 49, below.

42.     The Title VII Coordinator will be responsible for the following:

(a)     Assisting in the preparation, review, and revision of Defendants' Policy as required by this Consent Decree;

(b)     Ensuring dissemination of Defendants' Policy as required by this Consent Decree;

(c)     Review the processing and investigation of any complaints of sex discrimination and retaliation to ensure compliance with federal employment discrimination laws and the terms of this Agreement; and

(d)     Ensuring and verifying Defendants' compliance with all training, posting, and record-keeping and reporting requirements of this Consent Decree.

ADOPTION AND DISTRIBUTION OF POLICY REGARDING SEX DISCRIMINATION

43.     Defendants shall adopt, in writing, a policy against sex discrimination ("Policy") within thirty (30) days of the Effective Date and shall maintain such Policy for the duration of this Consent Decree.

44.     Defendants shall provide copies of the Policy to all employees no later than thirty (30) days after the Effective Date and to all new employees at the time they are hired.

45.     The Policy shall be added to Defendants' existing employee handbook or manual.

46.     The Policy shall at a minimum include:

(a)     A statement expressing Defendants' strong and clear commitment to a workplace that complies with Title VII, and in particular, is free of unlawful discrimination and harassment based on sex and retaliation;

(b)     A statement encouraging employees who believe they have been discriminated or retaliated against, or who believe they have witnessed discrimination or retaliation, to report such discrimination and retaliation;

(c)     A requirement that persons who complain about discrimination or retaliation or participate in the EEOC process shall not be retaliated against, and that Defendants, in conjunction with the Title VII Coordinator, will take immediate disciplinary and corrective action against any employee, supervisor, manager or officer who engages in retaliation or, if a supervisor, manager or officer, condones discrimination or retaliation, or fails to address either in conformity with the law and these policies and procedures;

(d)     A requirement that the identity of employees who complain about, report or are witnesses to discrimination or retaliation, or witnesses in investigations of discrimination or retaliation, shall be protected;

(e)    Clear definitions of sex harassment and retaliation, with examples where appropriate;

(f)    Convenient, confidential, and reliable mechanisms for reporting incidents of harassment and retaliation;

(g)    A statement that employees may raise concerns or complaints without retaliation about matters, whether alleged, perceived or actual, prohibited by Title VII and the policies and procedures generated by this Consent Decree;

(h)    Inform employees that they are entitled to make complaints or reports of unlawful employment discrimination, including harassment, to the Title VII Coordinator, any manager at Defendants, human resources, and/or to EEOC;

(i)    Employees will not be required to complain of discrimination or harassment directly to the individual that is engaged in the discriminatory behavior.

(j)    Inform employees that the Title VII Coordinator will investigate thoroughly and promptly all such complaints and reports and shall provide that employees who violate the Policy are subject to discipline up to and including discharge;

(k)    A requirement that any supervisory, managerial, or human resources employee who observes or otherwise obtains information regarding discrimination, harassment, and retaliation report such information immediately to the Title VII Coordinator, head of Defendants' human resources office, or Defendants' official who has the authority to take prompt and effective remedial action;

(l)    A statement that requires Defendants, their officers, directors, managers, supervisors, recruiters, and human resource personnel be trained regarding the

requirements of Title VII and the policies and procedures generated by this Consent Decree;

(m)    A statement that requires Defendants to thoroughly review these policies and procedures with all employees as part of their employee orientations and scheduled trainings at all facilities and locations; and

(n)    A statement that requires and provides a system for ensuring the dissemination of Defendants' Title VII discrimination policies, this Consent Decree, and the policies and procedures generated by this Consent Decree, to all Defendants' employees.

47.    Defendants shall forward a copy of the Policy to EEOC within thirty (30) days after the Effective Date.

48.    Under the following circumstances, Defendants shall exercise reasonably diligent efforts to perform an impartial audit of any adverse employment actions proposed or taken against any person who has made a complaint or report of alleged or potential harassment, discrimination, or retaliation, or who has been named or identified as a witness in an investigation concerning alleged or potential harassment, race discrimination, or retaliation, to ensure that the adverse employment action is not retaliatory: (a) the person recommending or making the decision to take adverse employment action, or who has made an allegation that is the basis for such adverse employment action, has been the subject of, or is directly supervised by a person who is the subject of, or was a recipient of, a complaint or report of harassment, discrimination, or retaliation made by, or corroborated as a witness by, the employee against whom adverse employment action has been proposed or taken; or (b) regardless of the identity of the person recommending or making the decision or who has made an allegation that is the basis for such adverse employment action,

14

any adverse action that is proposed or taken against an employee who has made a complaint or report of harassment,  discrimination, or retaliation, or an employee who has been interviewed or identified as a witness in connection with such complaint or report, when the circumstances known to managerial agents of one or more Defendants would cause a reasonable person to suspect that the adverse employment action may be motivated by a retaliatory purpose.

49.    The officer or employee who functioned or was known as Defendants' Chief Operating Officer or who otherwise exercised direct supervisory authority over General Managers of Defendants' dealerships during the time period that encompassed the employment of Mireya Sanchez, Kevin Adcock, Silvia Rubio, Samantha Garcia Rodriguez, and Melissa Hess shall not have any participation or involvement in conducting or making decisions concerning harassment, discrimination or retaliation investigations or any corrective actions to be taken in response to harassment, discrimination or retaliation complaints. Notwithstanding the duration of this Consent Decree, this provision shall not expire and shall remain in effect indefinitely.

<u>TRAINING FOR RESPONSIBLE OFFICIALS</u>

50.    For the duration of this Consent Decree, Defendants shall ensure that any person designated as responsible for conducting an investigation of, or making decisions concerning preventive or corrective action to be taken in response to, employee complaints or reports of harassment, discrimination and retaliation (hereinafter referred to as a "Responsible Official" or "Responsible Officials") shall have previously received no less than four (4) hours of mandatory training on proficient, lawful methods and techniques for conducting Title VII investigations and responding to employee complaints of harassment, discrimination and retaliation that accurately conveys Title VII requirements and proficient, lawful methods and techniques for conducting investigations and responding to employee complaints of harassment, discrimination or retaliation,

including formulating plans for corrective action and implementing corrective and preventive actions such as disciplinary action.  At a minimum, the training shall have included a discussion of the following topics:

(a)      an overview of the law regarding sex harassment, discrimination and retaliation and employer duties related to the same;

(b)      Defendants' requirement under their Policy that all managers and supervisors have a duty under Defendants' policies to promptly report any and all complaints or observations of harassment, discrimination or retaliation, and that failure to carry out this duty shall be grounds for disciplinary action, up to and including termination;

(c)      sources of potential evidence/information that could be considered in a company harassment, discrimination or retaliation investigation;

(d)      an instruction that information regarding past complaints, allegations, or investigations of harassment, discrimination or retaliation of a similar nature and involving the same individual then-being investigated shall be considered highly relevant evidence in any pending investigation;

(e)      that Defendants' personnel conducting investigations into allegations of harassment, discrimination or retaliation are required to research whether such past complaints or investigations exist by reviewing all records available to them and that there should be record-keeping systems to enable tracking such information;

(f)      that Defendants' current employees who are not the complainant, reporting official, or person accused, as well as former employees, may also be sources of highly relevant evidence and should be contacted during investigations, if appropriate;

(g)      the need to conduct thorough interviews concerning all potential harassing

16

or discriminatory incidents regardless of whether they were initially identified by the complainant or were the subject of the complaint;

(h)    techniques for conducting witness interviews and assessing witness credibility, particularly but not exclusively for situations in which there is conflicted testimony or an absence of corroboration;

(i)    the need to investigate whether corroborative evidence exists, but that corroborative evidence is not required to make a finding that allegations of harassment or other discrimination are substantiated or well-founded;

(j)    that complaint and investigation procedures must be conducted in a manner reasonably calculated to ensuring language accessibility for all individuals with whom Defendants communicate (e.g., Spanish language communications with limited English proficient workers whose first language is Spanish through an interpreter or direct communication with a Defendant official authorized to conduct the investigation who is a fluent Spanish language speaker);

(k)    a discussion of corrective actions that can be taken in response to employee complaints or reports of harassment, discrimination and retaliation and the need to ensure that, in response to such complaints or reports, Defendants undertake corrective action reasonably calculated to end any harassing, discriminatory or retaliatory conduct and to prevent its reoccurrence;

(l)    post-investigation procedures for monitoring the work environment, including but not limited to conducting follow-up interviews of employees and explicitly asking such persons whether any harassment, discrimination or retaliation of a similar type to that investigated is ongoing or has taken place since the original complaint;

17

(m)    the need to monitor and audit any post-complaint or post-investigation personnel actions taken against any complainants or witnesses to any investigations to ensure that retaliation is not taking place;

(n)    the need to document complaint investigations, including taking and retaining notes of interviews conducted and fully documenting all questions asked and answers given;

(o)    Defendants' record retention obligations under this Consent Decree relating to any discrimination and harassment complaints or investigations; and

(p)    Defendants' Policy adopted pursuant to this Consent Decree.

51.    Subject to any motion filed by EEOC pursuant to Paragraph 68, below, within ninety (90) days of the Effective Date, Defendants shall complete the first training session required by Paragraph 50, above, regarding all then-current Responsible Officials. For the duration of this Consent Decree, to the extent that any newly designated Responsible Official has not received the training required by Paragraph 50, above, Defendants shall provide such training to that person before the person performs any investigative or decision-making duties concerning an employee complaint or report of harassment, discrimination and retaliation. The training shall be conducted live (whether in-person or remote) and involve an interactive component.

52.    Defendants shall retain at their own expense a non-party consultant reasonably qualified by virtue of any combination of education, training and experience to conduct the training(s) required by Paragraphs 50 and 51, above.

53.    Within sixty (60) days of the Effective Date, Defendants shall submit to EEOC copies of the proposed training materials for the first training session required by Paragraphs 50 and 51, above, along with the name(s), contact information and curricula vitae of the non-party

18

consultants(s) that Defendants have selected for the trainings.

54.     After Defendants transmit to EEOC the information set forth in Paragraph 53, above, EEOC shall be afforded a period of thirty (30) days to conduct pre-implementation review of the non-party consultant's qualifications and the training materials and provide any comments that EEOC deems warranted. Upon request by EEOC, Defendants shall confer in good faith with EEOC concerning the trainings and any EEOC comments.

55.     Within ten (10) days from the date that Defendants conduct the first training session required by Paragraphs 50 and 51, above, Defendants shall transmit to EEOC a copy of the final training materials for the training, a list of all Responsible Officials (by name and job title) who attended the training, and a list of all Responsible Officials to whom Defendants are required by this Consent Decree to present such training but who did not receive it.

56.     Within ten (10) days from the date that Defendants conduct any subsequent training sessions to newly designated Responsible Officials as required by Paragraphs 50 and 51, above, Defendants shall transmit to EEOC a copy of the final training materials for the training, a list of all newly designated Responsible Officials (by name and job title) who attended the training, and a list of all newly designated Responsible Officials (by name and job title) to whom Defendants are required by this Consent Decree to present such training but who did not receive it.

TRAINING FOR ALL EMPLOYEES

57.     Within sixty (60) days of the Effective Date, Defendants shall provide not less than two (2) hours of Title VII training. For the duration of this Consent Decree, Defendants shall, within thirty (30) days of the annual anniversary of the Effective Date, provide not less than one (1) hour of Title VII refresher training to all of its employees, in accordance with terms set forth in this Section.

19

58.     The purpose of this training is to educate both management and non-management employees on the definition of sexual harassment and the rights and responsibilities of employees and management. All employees will be required to attend the training;

59.     This training shall explain that (a) sex-based discrimination and retaliation, and in particular harassment based on an individual's sex, violates Title VII; (b) discuss examples of conduct that may constitute sex-based discrimination and/or retaliation under Title VII; (c) describe how to handle, investigate, respond to, and accurately record Title VII complaints based on sex discrimination, sex harassment, and/or retaliation; (d) describe the role of the Title VII Coordinator; and (e) discuss the damaging effects discrimination causes to victims, their families and co-workers, and the workplace environment.

60.     The training shall be conducted by an experienced outside consultant or an attorney licensed in the State of Texas who specializes in employment law. The consultant or attorney selected shall send a copy of the training presentation outline to EEOC at least fifteen (15) days before any training session occurs. EEOC shall have the right to approve of the consultant or attorney selected to conduct the training and the training materials used in conjunction with such training.

61.     Within ten (10) days after the completion of each required training session, Defendants shall certify to EEOC, in writing, that the required training has taken place and that required personnel attended. Such certification shall include: (i) the date, location and duration of the training; and (ii) a copy of the registry of attendance which shall include the name and position or title of each person in attendance.

62.     During this training, Defendants shall provide all personnel with a copy of their Policy, both in electronic and hardcopy form.

20

## PERSONNEL RESTRICTIONS

63.     Defendants shall not rehire, or otherwise reemploy in any capacity, any of the following persons: Armando Tello, Michael ("Mike") Hernandez, Andre Nieto, Jay Torres and Tom Ochoa. Notwithstanding the duration of this Consent Decree, this provision shall not expire and shall remain in effect indefinitely.

## COMPLIANCE REVIEW, MONITORING, AND REPORTING

64.     For the duration of this Consent Decree, Defendants shall submit to EEOC reports concerning all complaints alleging sex harassment, sex discrimination, and/or retaliation that they receive from any person and Defendants' response to such complaints.  At a minimum, the reports shall include: (a) the date of the complaint; (b) a detailed description of the complaint allegations; (c) the full name, job title, residence address, and last known phone number(s) of the person who made the complaint; (d) the full name and job title of all person(s) against whom the complaint was made; (e) the full names and job titles of all Defendant personnel who conducted or participated in the investigation of such complaint; (f) the full name(s), job title(s), residence address(es), and last known phone number(s) of all persons interviewed in connection with the investigation; (g) a complete narrative description of the questions asked of, and statements made by, any persons interviewed in connection with the investigation; and (h) any investigation findings and/or corrective or preventive actions that Defendants undertook in response to such complaint. The reports required herein shall be sent to EEOC no later than thirty (30) days after Defendants' receipt of any complaints, with a second report for each complaint due no more than ten (10) days after Defendants take final action in response to the complaint.

65.     For the duration of this Consent Decree, Defendants shall retain all documents related to any complaints of sex or retaliatory harassment or discrimination that Defendants receive

21

from their employees and all documents related to any investigations and corrective or preventive actions that Defendants undertake in response to such complaints.  Such documents shall include, but are not limited to, any and all written correspondence, notes, emails, photographs, video recordings, text messages, policies, memoranda, written statements, affidavits, declarations, charges of discrimination, internal complaint documents, lawsuits, internal reports, investigation findings, and disciplinary or other personnel actions. Copies of all such documents shall be produced to EEOC within fourteen (14) days of any written request for their production by EEOC.

66.    In the event that EEOC, its agents or employees possess a reasonable suspicion that Defendants have violated any provision of this Consent Decree, and upon written request to Defendants (via their counsel of record), they shall possess legal authority under this Consent Decree to (a) enter any of Defendants' facilities, with reasonable prior notice to Defendants (via their counsel of record), and obtain access to any and all documents for the purposes of inspection and duplication, conduct interviews or depositions of any person, inspect any area of the facility, and perform any other investigatory technique or procedure permitted by Title VII and EEOC's regulations; (b) obtain prompt appearance and testimony of Defendants' personnel at interviews or depositions to take place at reasonable times and locations; and (c) obtain production of relevant documents within fourteen (14) days of written request by EEOC. Defendants shall bear all costs associated with their duties under this Paragraph. EEOC may at any time move the Court for a hearing for the purpose of compelling Defendants to cooperate in any aspect of this Paragraph. Neither EEOC's authority under this Paragraph nor any other provisions of this Consent Decree shall be construed to limit or impair in any manner any other EEOC authority to conduct investigations of Defendants that is provided by law, including, but not limited to, investigating charges of discrimination filed under Title VII; Titles I or V of the Americans with Disabilities

Act of 1990; the Genetic Information Nondiscrimination Act of 2008; the Pregnant Workers Fairness Act; the Equal Pay Act ("EPA"); the Age Discrimination in Employment Act ("ADEA") and any other statute over which EEOC is given jurisdiction in the future; and conducting directed investigations under the EPA, ADEA, and any future statute that authorizes directed investigations.

67.    In the event that Defendants dispute in good faith whether an EEOC request made pursuant to Paragraph 66, above, is authorized under the circumstances, Defendants may request, and EEOC shall not unreasonably refuse, a conferral period of up to fifteen (15) days, during which the parties will confer and attempt to reach resolution of the dispute. If the parties fail to reach agreement during the conferral period, EEOC may file a motion for Court review, and Defendants shall not be required to comply with the EEOC request that is the subject of the dispute unless and until ordered to do so by the Court pursuant to EEOC's motion. Each Party shall bear its own costs, expenses, and attorneys' fees incurred in connection with such proceeding. Defendants agree that they will not oppose any request by EEOC for expedited consideration.  In the event Defendants request conferral regarding a good faith dispute concerning any EEOC request made pursuant to Paragraph 66, this section controls over Paragraph 68, below.  Otherwise, any such dispute and EEOC request shall be subject to the dispute resolution and Motion procedures of Paragraph 68, below.

68.    Upon motion of one or more of the Parties regarding any provision of this Consent Decree, this Court may schedule a hearing for the purpose of reviewing compliance with this Consent Decree. Prior to filing such motion, unless there are exigent circumstances requiring immediate judicial intervention, a Party shall provide written notification of the other Party's alleged noncompliance. Upon a Party's receipt of such written notification of its alleged non-compliance, that Party shall have fifteen (15) days either to correct the alleged non-compliance

23

and so inform the other Party in writing or to provide a written response denying the alleged non-compliance. If the Parties cannot in good faith resolve their dispute, the Party alleging non-compliance may file a Motion to seek review by the Court. Each Party shall bear its own costs, expenses, and attorneys' fees incurred in connection with such proceeding. Jurisdiction to resolve any dispute arising under this Consent Decree resides in the United States District Court for the Western District of Texas.

69.     When this Consent Decree requires the submission by Defendants of documents or other materials to the EEOC, such documents or other materials shall be emailed to Shannon Black, Senior Trial Attorney, U.S. Equal Employment Opportunity Commission, at shannon.black@eeoc.gov, and to Philip Moss, Senior Trial Attorney, U.S. Equal Employment Opportunity Commission, at philip.moss@eeoc.gov.

## POSTING OF NOTICE

70.     Within ten (10) days of the Effective Date, Defendants shall post copies of the Notice attached as Exhibit A to this Consent Decree in a conspicuous location on a bulletin board or other physical space that is regularly used by Defendants for posting legal notices concerning employee rights. The Notice shall remain posted in this manner for the duration of this Consent Decree. Defendants shall take all reasonable steps to ensure that the posting is not altered, defaced, or covered by any other material.

71.     Within thirty (30) days from the Effective Date, Defendants shall certify to EEOC in writing that the Notice has been properly posted as described herein and provide to EEOC a digital photo of the postings.

24

72.     No later than ten (10) business days after the Effective Date, Defendants shall distribute a copy of the Notice attached as Exhibit A to this Consent Decree to all employees via electronic mail.

NEUTRAL JOB REFERENCES

73.     In response to any inquiries by or on behalf of any prospective employers of Mireya Sanchez, Kevin Adcock, Silvia Rubio, Samantha Garcia Rodriguez or Melissa Hess about their previous employment, Defendants shall provide a neutral reference limited to confirming the fact of their previous employment, providing the dates and location(s) of such employment, and stating the job title(s) they held during such employment.

## VI.     ATTORNEYS' FEES, COSTS AND OTHER MISCELLANEOUS PROVISIONS

74.     The Parties shall bear their own attorneys' fees, expenses and costs in this action.

75.     Nothing contained in this Consent Decree will be construed to limit any obligation Defendants may otherwise have to maintain records under Title VII or any other law or regulation.

76.     No waiver, modification, or amendment of any provision of this Consent Decree will be effective unless made in writing, approved by all Parties to this Consent Decree, and approved or ordered by the Court.

77.     This Consent Decree constitutes the complete understanding between EEOC and Defendants with respect to the matters herein. No other agreement may supersede or conflict with this Consent Decree and EEOC shall not be a party to any such agreement.

78.     If one or more of the provisions contained herein are deemed or rendered unlawful or unenforceable, the Parties shall make good faith efforts to agree upon appropriate amendments to this Consent Decree in order to effectuate its purposes. In any event, the remaining provisions

25

will remain in full force and effect unless the purposes of this Consent Decree cannot, despite the Parties' best efforts, be achieved.

## VII.    DURATION OF CONSENT DECREE AND RETENTION OF JURISDICTION

79.    This Consent Decree shall become effective immediately upon the Effective Date and all provisions of this Consent Decree shall be in full force and effect for a period of three (3) years after the Effective Date. However, notwithstanding the foregoing, Paragraphs 49 and 63 of this Consent Decree shall continue in full force and effect after the expiration date and will remain binding on Defendants indefinitely.

80.    For the duration of this Consent Decree, and indefinitely thereafter regarding the requirements set forth in Paragraphs 49 and 63, the Court shall retain jurisdiction of this matter to enforce compliance with the Consent Decree. If, at the end of the three (3) year period, any disputes remain unresolved, the duration of the Consent Decree shall be automatically extended (and the Court will retain jurisdiction of this matter to enforce the Consent Decree) until such time as all such disputes have been resolved.

81.    This Consent Decree may be executed in counterparts.

[remainder of page intentionally left blank]

**IT IS AGREED:**

FOR THE U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

CATHERINE L. ESCHBACH
ACTING GENERAL COUNSEL

CHRISTOPHER LAGE
DEPUTY GENERAL COUNSEL

RONALD L. PHILLIPS
ACTING REGIONAL ATTORNEY

Dated: _07-17-2026_

SHANNON J. BLACK
SENIOR TRIAL ATTORNEY
Texas State Bar No. 24126061
E-mail: shannon.black@eeoc.gov

PHILIP J. MOSS
SENIOR TRIAL ATTORNEY
Texas State Bar No. 24074764
E-Mail: philip.moss@eeoc.gov

U.S. Equal Employment Opportunity
Commission
Dallas District Office
207 Houston, 3rd Floor
Dallas, Texas 75202
Telephone: (972) 918-3598
Facsimile: (214) 253-2749

Dated: _7/17/2026_

FOR DEFENDANTS CENTRAL AUSTIN MOTORCARS,
LLC, HI TECH MOTORCARS, LLC AND STADIUM
MOTORCARS, LLC

MATTHEW G. REEVES
Texas State Bar No. 00791498
E-mail: mreeves@jdkglaw.com

DONALD W. GOULD, II
Texas State Bar No. 08234250
E-mail: dgould@jdkglaw.com

JOHNSON DELUCA KURISKY & GOULD, PC
Four Houston Center
1221 Lamar Street, Suite 1000
Houston, TX 77010
Telephone: (713) 652-2525
Facsimile: (713) 652-5130

Dated: _____

*Attorneys for Defendants Central Austin Motorcars,
LLC, Hi Tech Motorcars, LLC and Stadium
Motorcars, LLC*

PAUL WEITZ
CHIEF EXECUTIVE OFFICER

*Authorized Representative of Defendants
Central Austin Motorcars, LLC, Hi Tech
Motorcars, LLC and Stadium Motorcars, LLC*

Dated: _____

**IT IS AGREED:**

FOR THE U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

CATHERINE L. ESCHBACH
ACTING GENERAL COUNSEL

CHRISTOPHER LAGE
DEPUTY GENERAL COUNSEL

_____
RONALD L. PHILLIPS
ACTING REGIONAL ATTORNEY

Dated: _____


_____
SHANNON J. BLACK
SENIOR TRIAL ATTORNEY
Texas State Bar No. 24126061
E-mail: shannon.black@eeoc.gov

PHILIP J. MOSS
SENIOR TRIAL ATTORNEY
Texas State Bar No. 24074764
E-Mail: philip.moss@eeoc.gov

U.S. Equal Employment Opportunity
Commission
Dallas District Office
207 Houston, 3rd Floor
Dallas, Texas 75202
Telephone: (972) 918-3598
Facsimile: (214) 253-2749

Dated: _____

FOR DEFENDANTS CENTRAL AUSTIN MOTORCARS,
LLC, HI TECH MOTORCARS, LLC AND STADIUM
MOTORCARS, LLC

_____
MATTHEW G. REEVES
Texas State Bar No. 00791498
E-mail: mreeves@jdkglaw.com

DONALD W. GOULD, II
Texas State Bar No. 08234250
E-mail: dgould@jdkglaw.com

JOHNSON DELUCA KURISKY & GOULD, PC
Four Houston Center
1221 Lamar Street, Suite 1000
Houston, TX 77010
Telephone: (713) 652-2525
Facsimile: (713) 652-5130

Dated: 7/15/2026

*Attorneys for Defendants Central Austin Motorcars,
LLC, Hi Tech Motorcars, LLC and Stadium
Motorcars, LLC*

_____
PAUL WEITZ
CHIEF EXECUTIVE OFFICER

*Authorized Representative of Defendants
Central Austin Motorcars, LLC, Hi Tech
Motorcars, LLC and Stadium Motorcars, LLC*

Dated: 7/15/26

27

**IT IS SO ORDERED:**

Date: ___07/23/2026___                    _____
                                          HONORABLE ROBERT PITMAN
                                          United States District Judge

28

Exhibit A

## **NOTICE TO ALL EMPLOYEES**

**POLICY:**     Discrimination of any kind can and often will detract from employees' job performance, discourage employees from remaining on the job, keep employees from advancing in their careers and lower overall employee morale and productivity. It is the policy of [insert name of applicable Defendant prior to posting of Notice] that discrimination based on sex, including sex harassment, and/or retaliation is unacceptable and will not be condoned. Individuals engaging in discrimination or retaliation are subject to discipline up to and including termination.

**PURPOSE:**    It is the purpose of this Notice to reaffirm and amplify the requirements of Title VII of the Civil Rights Act of 1964, as amended, and to reiterate [insert name of applicable Defendant prior to posting of Notice]'s policy on sex-based discrimination, including sexual harassment and retaliation as defined by Title VII.

**SCOPE**:  This policy extends to all employees of [insert name of applicable Defendant prior to posting of Notice], both management, non-management, and temporary/probationary.

**DEFINITION:**   Sexual harassment is a form of sex-based discrimination that consists of unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual or sex-motivated nature. This type of conduct can constitute sexual harassment when submission to such conduct is made either explicitly or implicitly a term or condition of an individual's employment; submission to or rejection of such conduct by an individual is used as the basis for employment decisions affecting such individuals; or such conduct has the purpose or effect of unreasonably interfering with an individual's work performance or creating an intimidating, hostile, or offensive working environment. Whether the offense is made by a manager, co-worker, or even a non-employee like a client, contractor, or vendor, such conduct can create a hostile work environment.  Some examples of sexual harassment are:

*    Sending sexually suggestive letters, notes, text messages or e-mails;
*    Displaying inappropriate sexual images or posters in the workplace;
*    Telling lewd jokes, or sharing sexual anecdotes;
*    Making inappropriate sexual gestures;
*    Staring in a sexually suggestive or offensive manner, or whistling;
*    Making sexual comments about appearance, clothing, or body parts;
*    Inappropriate touching, including hugging, pinching, patting, rubbing, or purposefully brushing up against another person;
*    Requests for sexual favors; and/or
*    Sexual assault.

This list is in no means exhaustive. There are other forms of sex discrimination.

**DEFINITION:**  Retaliation is the punishment of an employee for engaging in a protected activity, such as reporting discriminatory conduct, filing a discrimination charge, opposing unlawful

29

employer practices, and/or testifying, assisting, or participating in any manner in an investigation, proceeding, or hearing under Title VII. Some examples of retaliation are:

∗        Suspension;
∗        Reduction of pay;
∗        Discharge;
∗        Reassignment of job duties;
∗        Reduction of work hours;
∗        Reassignment to a different work shift;
∗        Intimidation; and/or
∗        Any action affecting employment such as threats, unjustified negative evaluations, unjustified negative references, or increased surveillance.

This list is in no means exhaustive. There are other forms of retaliation.

**RESPONSIBILITY:** Each level of management is responsible for ensuring that all personnel policies, procedures, and activities are in full compliance with applicable federal, state, and local equal employment laws, statute, rules, and regulations regarding discrimination. All employees are expected to read, understand, and follow [insert name of applicable Defendant prior to posting of Notice]'s Policy Prohibiting Sex-Based Discrimination and Retaliation.

**REPORTING PROCEDURES:**  Any employee who believes that he or she has been subjected to discrimination based on sex or retaliation is expected to report the conduct as soon as possible to either that person's immediate supervisor, or the Human Resources Director or Title VII Coordinator if applicable. Supervisors who receive such complaints will promptly notify the Human Resources Director or Title VII Coordinator if applicable. A person either alternatively, or in addition to reporting such an allegation to company officials, may contact the U.S. Equal Employment Opportunity Commission for the purposes of filing a charge of employment discrimination. The address and telephone number of the U.S. EEOC office is 5410 Fredericksburg Road, Suite 200, San Antonio, Texas 78229, (800) 669-4000. Information about your rights and how to file a charge is available on the Internet at www.eeoc.gov.

**INVESTIGATION OF COMPLAINTS**: A complete investigation of each complaint will be facilitated immediately by [insert name of applicable Defendant prior to posting of Notice]'s Human Resources Department or the Title VII Coordinator if applicable. The investigation may include interviews of all employees and supervisors at the facility.

**PUNISHMENT FOR VIOLATION:** Employees who engage in sex-based discrimination including, but not limited to, sexual harassment and/or retaliation, including supervisors and managers, can expect serious disciplinary action. After an appropriate investigation, any employee, whether management or non-management, who has been found to have discriminated against another employee will be subject to appropriate sanctions, depending on the circumstances, from a written warning in his or her personnel file up to and including termination of employment.

**RETALIATION:** There shall be no retaliation against any employee because that person has opposed in good faith what they believe to be unlawful employment practices, including sexual

30

harassment or discrimination; or has filed a charge of discrimination, or has given testimony, assistance, or has participated in any manner in any investigation, proceeding or hearing under Title VII of the Civil Rights Act of 1964. [insert name of applicable Defendant prior to posting of Notice] will not punish you for reporting sex-based discrimination or simply because you have made a complaint under the above guidelines.

    THIS IS AN OFFICIAL NOTICE AND MUST NOT BE REMOVED OR DEFACED BY ANYONE. THIS NOTICE WILL BE POSTED FOR A PERIOD OF THREE (3) YEARS.


_____    _____

Date                    [insert name of official signing Notice and applicable Defendant prior to posting of Notice]

31